EL PUEBLO, DEMANDANTE Y APELADO, *v.* VALENTÍN, ACUSADO Y APELANTE.

No. 2199.—*Visto:* Abril 8, 1924. *Resuelto:* Abril 24, 1924.

ARBITRIOS; LEY DE—ALAMBIQUES—JURISDICCIÓN—LEY DEROGATORIA; CLÁUSULA DE EXCEPCIÓN (*Saving clause*)—INFRACCIÓN DE LEY DEROGADA.—Fúndase la presente apelación en que el artículo 61 de la Ley de Arbitrios bajo la cual fué denunciado el apelante, estaba derogada cuando fué juzgado en la corte municipal y alega como único motivo de su recurso que dicha corte y luego la de distrito carecían de jurisdicción para juzgarlo y condenarlo por infracción de una ley derogada, por no tener la nueva ley una cláusula que permita juzgar los hechos cometidos de acuerdo con la ley anterior (*saving clause*). Se resolvió: que no conteniendo la ley derogatoria, que es la sección 62 de la nueva Ley de Arbitrios de 1923, disposición que expresamente exima de responsabilidad por hechos realizados antes de su promulgación, es preciso concluir que de acuerdo con el artículo 386 del Código Político la corte municipal y la de distrito tuvieron jurisdicción para resolver el caso.

SENTENCIA de *Charles E. Foote,* J. (Primer Distrito, San Juan), condenando al acusado por violar la Ley de Arbitrios. *Confirmada.*

E. *Font Suárez,* abogado del apelante; *José E. Figueras, Fiscal,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

El 12 de julio de 1923 el apelante fué denunciado por ha-

ber infringido la ley de arbitrios entonces vigente en cuya
sección 61 se castigaba el hecho de tener como dueño, arren-
datario o guardián o en otra forma cualquier alambique o
aparato destilatorio sin tenerlo inscrito en la oficina del
Tesorero de Puerto Rico.

Antes de ser juzgado el apelante en la corte municipal
y luego en la de distrito en grado de apelación y condenado
a pagar una multa, fué aprobada en 28 de julio de 1923 otra
ley de arbitrios, la número 68, que derogó todas las leyes
que imponen contribución en concepto de arbitrios y licencias
sobre los artículos, materias y negocios u ocupaciones de-
terminadas en ella y que derogó todas las leyes o parte de
ley en conflicto con ella, disponiéndose por una enmienda
hecha en 27 de agosto de 1923 que los impuestos y demás
contribuciones que se adeudasen por virtud de la ley dero-
gada quedasen subsistentes y el Tesorero de Puerto Rico
facultado para su cobro en la misma forma prevista en la
ley derogada.

Según la sección 62 de la nueva ley de arbitrios de 1923
es delictivo el tener cualquier alambique que sea capaz de
destilar alcohol para fines medicinales, industriales o sacra-
mentales sin haberlo inscrito en la Tesorería de Puerto Rico,
por lo que después de su vigencia ya no será penable, como
antes, el solo hecho de tener cualquier alambique o aparato
para destilar no inscrito en la Tesorería de Puerto Rico, a
no ser que sea capaz de destilar alcohol para los fines ex-
presados en la ley, constituyendo así la última ley una de-
rogación del artículo 61 de la ley anterior por legislar so-
bre la misma materia exigiendo requisitos distintos para la
existencia del delito.   También las penas son distintas pues
en la sección 79 de la nueva ley se castiga el nuevo delito
con multa de 50 a 500 dólares o cárcel por un término
máximo de un año, mientras que la anterior lo castigaba con
multa no menor de 100 a 500 dólares o con cárcel por no
menos de un mes y más de un año.

Fúndase el apelante en que la ley bajo la cual fué de-

nunciado estaba derogada cuando fué juzgado en la corte municipal y alega como único motivo de su recurso que dicha corte y luego la de distrito carecían de jurisdicción para juzgarlo y condenarlo por infracción de una ley derogada, por no tener la nueva ley una cláusula que permita juzgar los hechos cometidos de acuerdo con la ley anterior (*saving clause*) y cita varias sentencias de tribunales en apoyo de su alegación.

En el caso *Ex parte Mauleón,* 4 D.P.R. 226, este tribunal expresó el mismo principio sostenido por el apelante pero el caso no fué resuelto por esto sino porque la ley derogatoria tenía una disposición que permitía la prosecución y castigo del delito derogado; cuestión que no tenemos que resolver en este caso porque existe en el Código Político la disposición del artículo 386 según la cual la derogación de cualquier estatuto por la asamblea legislativa no tendrá el efecto de exonerar o eximir de ninguna pena, embargo, confiscación o responsabilidad en que se hubiere incurrido bajo dicho estatuto, a menos que la ley derogatoria así lo dispusiere expresamente, y se tendrá por vigente dicho estatuto al objeto de sostener la respectiva acción o proceso para exigir el cumplimiento de dicha pena, embargo, confiscación o responsabilidad. En el caso de *United States* v. *Rassinger,* 128 U. S. 398 se resolvió que las palabras penas, embargo, confiscación o responsabilidad (*penalty, liability, forfeiture*) son sinónimos de pena (*punishment*) en relación con crímenes.

El artículo 386 citado es una cláusula de protección (*saving clause*) por lo que la corte municipal y la de distrito tuvieron jurisdicción para juzgar y condenar al apelante por infracción de una ley derogada cuando fué juzgado porque la ley derogatoria no contiene disposición que expresamente exonere o exima de pena por hechos anteriores a ella.

Quizás pueda decirse que al disponer la enmienda de agosto de 1923 que los impuestos y demás contribuciones

que se adeudasen por virtud de la ley derogada quedaban existentes y pueden ser cobrados en la misma forma que antes, es demostración de la voluntad de la legislatura de que los demás hechos quedasen exonerados de pena o responsabilidad, pero en vista del precepto del artículo 386 mencionado entendemos que no es suficiente dicha enmienda para exoneración ya que esto ha de ser expresamente consignado en la ley derogatoria y en este caso no lo ha sido.

*La sentencia apelada debe ser confirmada.*