El Pueblo de Puerto Rico, demandante y apelado, *v.* María Luisa Arécco, acusada y apelante.

Núm. 11599.—*Sometido:* Diciembre 13, 1946. *Resuelto:* Mayo 19, 1947.

*J. J. Ortiz Alibrán,* abogado de la apelante; *Hon. Procurador General Interino Luis Negrón Fernández,* y *J. Correa Suárez, Fiscal Auxiliar del Tribunal Supremo,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

La Corte de Distrito de San Juan declaró culpable, en grado apelativo, a María Luisa Arecco en dos casos de infracción al artículo 9, en relación con el artículo 4, de la Ley del Impuesto de la Victoria (Ley núm. 29 del 7 de diciembre de 1942 [(2) pág. 161], enmendada por la Ley núm. 62 de 10 de mayo de 1943 [pág. 147] y la Ley núm. 175 de 15 de mayo de 1943 [pág. 631]), (¹) y la sentenció a pagar una multa de $25 o a cumplir un día de cárcel por cada dólar que dejara de pagar,

---

(¹) Los delitos imputados consistían en haber dejado de pagar el Impuesto de la Victoria correspondiente a los semestres de julio 1ro. a diciembre 31 de 1943 y de enero 1ro. a junio 30 de 1944.

en cada caso. Los casos fueron vistos conjuntamente en la corte inferior y en la misma forma han sido tramitados los recursos de apelación interpuestos por la acusada.

Sostiene la apelante que la corte sentenciadora erró al declararla culpable no obstante haber sido derogada la Ley del Impuesto de la Victoria a la fecha en que los casos fueron vistos en la corte inferior y que, además, dicha corte carecía de jurisdicción en los casos ya que la ley derogatoria establece el procedimiento para el cobro de las contribuciones pendientes de pago.

Es cierto que la Ley del Impuesto de la Victoria fué derogada por la Ley número 327 aprobada el 15 de mayo de 1945 (pág. 1265), que empezó a regir inmediatamente después de su aprobación y que la vista de estos casos en la corte inferior tuvo lugar el 23 de enero de 1946. Empero, correctamente a nuestro juicio, dicha corte aplicó a esta situación el artículo 386 del Código Político de Puerto Rico que dispone que: "La derogación de cualquier estatuto por la Asamblea Legislativa no tendrá el efecto de exonerar o eximir de ninguna pena, embargo, confiscación o responsabilidad en que se hubiere incurrido bajo dicho estatuto, a menos que la ley derogatoria así lo dispusiere expresamente, y se tendrá por vigente dicho estatuto, al objeto de sostener la respectiva acción o proceso para exigir el cumplimiento de dicha pena, embargo, confiscación o responsabilidad."

Ya hemos resuelto que el artículo 386, supra, es una cláusula de reserva (*saving clause*) a virtud de la cual las cortes conservan su jurisdicción para juzgar y condenar por delitos cometidos bajo una ley derogada a menos que la propia ley derogatoria contenga alguna disposición que expresamente exonere o exima de pena por hechos cometidos antes de su aprobación. *Pueblo v. Valentín,* 33 D.P.R. 40; *Pueblo v. Rodríguez,* 50 D.P.R. 36, y *Puerto Rico Ilustrado v. Buscaglia, Tes.,* 64 D.P.R. 914.

■■ Arguye la apelante que el artículo 2 de la Ley número 327 de 1945, o sea, la ley derogatoria,(²) constituye a su vez una cláusula de reserva en cuanto al procedimiento que debe seguirse para el cobro de las contribuciones adeudadas y que, por lo tanto, el artículo 386, supra, no es aplicable o fué derogado implícitamente por la Ley número 327.

No podemos aceptar este razonamiento. El artículo 2 de la Ley número 327, supra, lo único que hace es establecer el procedimiento para el cobro de las contribuciones adeudadas pero ni expresa ni implícitamente exonera o exime de responsabilidad criminal en que haya incurrido un contribuyente a virtud de la ley derogada. El propio artículo 386, supra, dispone que dicha exoneración en la ley derogatoria debe disponerse "expresamente" y por tanto, la disposición general de que "Toda ley o parte de ley que se oponga a la presente queda por ésta derogada," contenida en el artículo 4 de la Ley número 327 no constituye tal derogación expresa. *Ex parte Faltin,* 254 P. 477.

■ Sostiene, además, la apelante que los hechos denunciados no constituyen delito público. No tiene razón. El artículo 9 de la Ley (según enmendada por la Ley 175 de 1943) dispone, en lo pertinente, que "Cualquier infracción a las disposiciones de esta Ley u omisión de cumplir deberes impuestos por ella, con excepción de aquéllas que en la misma se declaran delito grave (felony), constituirá delito menos grave (misdemeanor) ... *Cuando la infracción consista en dejar de pagar cantidades como contribución* o como contribución retenida en el origen, el pago de éstas, más intereses,

---

(²) Este artículo dispone lo siguiente:
"Toda persona que a la fecha de vigencia de esta Ley adeudare contribuciones al Tesoro de Puerto Rico por concepto del Impuesto de la Victoria, pagará la totalidad de la deuda con sus recargos, intereses y penalidades. Disponiéndose, que el Tesorero de Puerto Rico podrá exigir, si fuere necesario, el pago de tales contribuciones, recargos, intereses y penalidades, siguiendo el mismo procedimiento de apremio prescrito por el Código Político para el cobro de contribuciones sobre la propiedad."

etc. . . será impedimento para la iniciación de la causa criminal y causa para su archivo, si hubiere sido iniciada. . . ." (Bastardillas nuestras.)

De manera que el dejar de pagar la contribución es un delito pero el sólo hecho de pagarla, con intereses, recargos, etc., impide que se inicie el proceso u obliga a su archivo. La prueba demostró que la acusada en ningún momento pagó la contribución. Su única excusa fué que había solicitado una prórroga del Tesorero y que éste nunca le contestó. Funcionarios del Departamento de Hacienda declararon que de los expedientes de la acusada no aparecía que tal carta hubiera sido recibida.

*Los demás errores señalados carecen de méritos.* *Procede la confirmación de las sentencias dictadas.*