EL PUEBLO DE PUERTO RICO, peticionario, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE PONCE, recurrido; MARÍA MORENO MEDINA, interventora.

*Número:* 2732    *Resuelto:* 13 de diciembre de 1961

*J. B. Fernández Badillo,* Procurador General, *Arturo Estrella,* Procurador General Interino, y *William Fred Santiago,* Procurador General Auxiliar, abogados del peticionario; *Luis A. Noriega,* abogado de la interventora.

Sala integrada por el Juez Presidente Señor Negrón Fernández como Presidente de Sala y los Jueces Asociados señores Blanco Lugo y Dávila.

EL JUEZ ASOCIADO SEÑOR BLANCO LUGO emitió la opinión del Tribunal.

En 15 de mayo de 1959 se ordenó el arresto de María Moreno Medina por una infracción a la Ley Núm. 51 de 13 de mayo de 1934, pág. 393, (1) 33 L.P.R.A. sec. 1393 y ss., y se autorizó a que permaneciera en libertad provisional previa la prestación de una fianza por la suma de $500.00. La orden fue diligenciada en 19 de mayo, y en la misma fecha prestó la fianza requerida.

(1) La Ley original para castigar la siembra, importación, compra y venta de la marihuana era la Núm. 12 de 19 de abril de 1932 (Leyes, pág. 217). Sin embargo se hace referencia a la Ley Núm. 51 de 13 de mayo de 1934 porque, aunque en el título se indicó que era enmendatoria de la anterior, su efecto fue reenactarla.

La denuncia correspondiente fue jurada en 22 de mayo y radicada seis días después en la secretaría del Tribunal de Distrito, Sala de Ponce. Leía como sigue:

"Yo, Hector Martínez, Policía 1219, Cuartel Molina, mayor de edad, policía, formulo denuncia contra el y/o los acusados mencionados en el epígrafe por el delito que arriba se consigna cometido en mayo 8, 1959, 11 p. m., en Calle Villa núm. 276 Bar El Cocodrilo, de Ponce, Puerto Rico, de la manera siguiente: La referida acusada María Moreno Medina, allí y entonces, ilegal, voluntaria y maliciosamente violó lo dispuesto en la Sección 2da. de la Ley núm. 51 aprobada el día 13 de mayo del 1934, consistente en que en la fecha, hora y sitio arriba indicados, Bar Cocodrilo, en ocasión en que el denunciante, en unión a otros miembros de la fuerza de la Policía procedíamos al arresto de la acusada según orden de arresto expedida por el Hon. Juez Agustín Mangual por Inf. al Art. 288 del Código Penal de Puerto Rico y esta acusada tenía en su posesión y transportaba en una cartera, un pedazo de un cigarrillo de marihuana, a sabiendas que está prohibido en Puerto Rico la fabricación, transportación, posesión o uso de marihuana. Esta denuncia la ordenó el Hon. Juez Luis Verges. Nota: Se presenta al Hon. Tribunal una carta relacionada con este caso, del Químico de Servicios Especiales del Departamento de Hacienda en San Juan, P. R., Sr. W. C. Lloréns. Hecho contrario a la ley. Propio conocimiento."

Se señaló la vista para el 24 de junio del mismo año, pero la misma se suspendió, luego de entregarse copia de la denuncia al abogado de la acusada, por incomparecencia de ésta y de varios testigos. En 23 de julio, fecha para la cual se transfirió la vista, el juez de distrito ordenó el traslado de la causa para el Tribunal Superior "por falta de jurisdicción", fundándose en el artículo 2 de la Ley Núm. 26 de 17 de julio de 1935 (Leyes (1), pág. 159), 33 L.P.R.A. sec. 1396, que dispone que el Tribunal Superior tendrá "jurisdicción exclusiva" para conocer por tribunal de derecho de infracciones a varias leyes relativas al tráfico de marihuana, entre las cuales se encuentra la Núm. 51 de 1934, supra.

Habiéndose trasladado el expediente al Tribunal Superior, el fiscal radicó una acusación en 15 de septiembre, en la cual hizo constar que se trataba de una "acusación trasladada del Trib. de Distrito". Dicha acusación copiada a la letra, lee como sigue:

"El Fiscal formula acusación contra María Moreno Medina residente en la Calle Villa 276, Ponce, Puerto Rico, por un delito de: Infracción a la Ley de Narcóticos de Puerto Rico (misdemeanor), cometido de la manera siguiente:

"La referida acusada, María Moreno Medina, allá en o por el día 8 de mayo de 1959, y en Ponce, Puerto Rico, dentro de la jurisdicción del Tribunal Superior de Puerto Rico, Sala de Ponce, allí y entonces, dicha acusada, ilegal, voluntaria, maliciosa y criminalmente, tenía en su posesión y dominio un cigarrillo conteniendo el mismo la droga narcótica conocida como Marihuana (Planta Cannabis Sativa L) sin que fuese su semilla esterilizada para fines industriales o la fibra del tallo de dicha planta a la cual se le hubiese extraído la sustancia o resina que contiene esta droga.

"Este hecho es contrario a la ley para tal caso prevista y a la paz y dignidad de 'El Pueblo de Puerto Rico.' "

Se solicitó el archivo de la acusación por el fundamento de que habían transcurrido más de sesenta días, artículo 448 del Código de Enjuiciamiento Criminal, 1937, 34 L.P.R.A. sec. 1631, entre la fecha en que la acusada fue detenida para responder y la presentación de la acusación ante el Tribunal Superior. Para revisar la resolución que decretó el archivo expedimos auto de certiorari.

1.—Aunque las partes no han planteado la cuestión deseamos señalar que en 23 de julio de 1959, cuando se decretó el traslado del Tribunal de Distrito al Tribunal Superior, la ley bajo la cual se procesó a la acusada, y que estaba vigente a la fecha de la comisión de los hechos delictivos, había sido expresamente derogada por el artículo 63 de la Ley de Narcóticos de Puerto Rico, Núm. 48 de 18 de junio de 1959 (Leyes, pág. 125, 24 L.P.R.A. sec. 973 y ss.). Esto explica palmariamente la diferencia entre la redacción de la denuncia for-

144

mulada ante el Tribunal de Distrito—que sigue sustancialmente los términos de la sección 3 de la Ley Núm. 51 de 1934, supra (²)—y la acusación que en virtud del traslado ordenado presentó el fiscal en el Tribunal Superior—que sigue el lenguaje del inciso (c) del artículo 29 de la Ley Núm. 48 de 18 de junio de 1959, 24 L.P.R.A. sec. 974z. (³) Indudablemente que ante la posibilidad de un planteamiento al efecto de que la Ley 51 de 1934 había sido derogada, el fiscal optó por conformar los hechos expuestos en la acusación como constitutivos de delito público con las disposiciones de la nueva medida aprobada sobre drogas y narcóticos. Ello era innecesario porque como en la ley derogatoria no se hace expresa referencia a los procesos pendientes bajo la ley derogada, sería aplicable la cláusula de reserva general contenida en el artículo 44 del Código Político, 2 L.P.R.A. sec. 252. *Pueblo* v. *Miranda,* 79 D.P.R. 710, 716 (1956) ; *Pueblo* v. *Tribunal de Distrito,* 70 D.P.R. 678 (1949) ; *Pueblo* v. *Arecco,* 67 D.P.R. 322 (1947) ; *Pueblo* v. *Rodríguez,* 50 D.P.R. 36

---

(²) La sección 3 de la Ley Núm. 51 de 13 de mayo de 1934, lee como sigue:

"Toda persona que sembrare, importare, transportare, poseyere, regalare o cediere, usare en cualquier forma, comprare o vendiere, o de cualquier otra manera tuviere en su poder para cualquier uso que fuere, o supliere o traspasare a otra persona el producto conocido por mariguana, marihuana, marijuana, '*loco weed*', cáñamo indiano o (*cannabis indica*), será reo de *misdemeanor,* y convicta que fuere será castigada con pena de cárcel por un término mínimo de seis meses y máximo de dos años."

(³) El artículo 29 (c) de la Ley Núm. 48 de 18 de junio de 1959, lee como sigue:

"1. Queda absolutamente prohibida la tenencia, posesión, traspaso, uso, aplicación, prescripción, manufactura, preparación o cualquier transferencia o recibo, así como la introducción, la ocultación y la transportación en Puerto Rico de:

"  .     .     .     .     .     .     .

"(c) La droga conocida como marihuana, así como cualquier mezcla líquida o sólida incluyendo cigarrillo o cigarros sin importar su forma y naturaleza, que contenga cualquier parte o residuo de marihuana. No estará comprendida en esta prohibición la fibra del tallo de esta planta, así como sus semillas esterilizadas para fines industriales y siempre que a dicha fibra se le haya extraído la substancia o resina que contiene esta droga y la esterilización de la semilla se haya logrado en grado tal que no pueda germinar."

(1936) conf. en 101 F.2d 26 (CA 1, 1938); *Pueblo* v. *Valentín,* 33 D.P.R. 40 (1924); cf. artículo 386 del Código Político, 2 L.P.R.A. sec. 253; *Puerto Rico Ilustrado* v. *Buscaglia,* 64 D.P.R. 914 (1945). Además, aunque tanto bajo la sección 2 de la Ley 51 de 1934 como bajo el artículo 29(c) de la Ley 48 de 1959 la esencia del delito es la posesión y transportación de la droga conocida como marihuana, existe la diferencia fundamental de que la infracción de la primera constituye un delito menos grave y la violación de la ley vigente es un delito grave.(⁴) Obviamente a la acusada no podía procesársele bajo la ley vigente, ya que no solo los hechos se cometieron antes de su vigencia sino que la penalidad es más onerosa.

2.—No hay controversia alguna sobre el hecho de que la denuncia radicada en el Tribunal de Distrito se presentó dentro del término de 60 días contados a partir de la fecha del arresto de la acusada. Siendo ello así, ¿cuál es el efecto de la orden de dicho Tribunal al trasladar la causa para el Tribunal Superior ante el planteamiento de falta de "jurisdicción"?

▇▇▇ Ante todo debemos indicar que si bien la propia ley 26 de 17 de julio de 1935 confiere "jurisdicción" exclusiva al Tribunal Superior en todos los casos de infracciones a las disposiciones que castigan el tráfico de la marihuana, a partir de la Ley de la Judicatura este término no tiene otro significado que el de competencia. Ello es así porque, como hemos expresado tantas veces al resolver cuestiones similares en el ámbito de la litigación civil, el resultado más importante de

---

(⁴) El artículo 33 de la Ley Núm. 48 de 18 de junio de 1959, 24 L.P.R.A. sec. 974dd, lee como sigue:

"Artículo 33.—Penalidad.—Toda persona que viole cualesquiera de los artículos 29, 30, 31 y 32 o conspire para violar éstos será culpable de un delito grave y convicto que fuere será sentenciado a una pena mínima de reclusión de cinco (5) años y máxima de veinte (20) años y además, podrá ser multada a discreción del tribunal, en una cantidad que no excederá de veinte mil (20,000.00) dólares; . . ."

la nueva orientación procesal contenida en la Ley de la Judicatura fue eliminar las distinciones jurisdiccionales mediante la unificación del sistema judicial. *Rivera Esbri* v. *Archevald*, 83 D.P.R. 604 (1961); *Ramírez* v. *Ramírez*, 80 D.P.R. 518 (1958); *Valentín* v. *Figueroa*, 79 D.P.R. 444 (1956); *Suliveres* v. *Arjona*, 76 D.P.R. 473 (1954); *Cooperativa Cafeteros de Puerto Rico* v. *Colón*, 76 D.P.R. 917 (1954); *Fernández* v. *Tribunal de Distrito*, 76 D.P.R. 364 (1954).

El Tribunal de Distrito actuó correctamente al abstenerse de desestimar la causa y al ordenar su traslado al tribunal de competencia sobre la materia, pues "no se desestimará ningún caso fundado en haberse sometido *a una sección* sin jurisdicción o autoridad o a una sala de un tribunal sin competencia para ello". Sección 10 de la Ley Núm. 11 de 24 de julio de 1952, pág. 31, 4 L.P.R.A. sec. 62. Esta norma se aplica tanto a asuntos de naturaleza civil como a casos criminales. Y como ocurre en todo caso de traslado, el tribunal al cual se traslada el asunto meramente continúa entendiendo en el mismo. Ahora bien, como el proceso criminal ante el Tribunal Superior se inicia mediante la radicación de la acusación, artículo 67 del Código de Enjuiciamiento Criminal, 1935, 34 L.P.R.A. sec. 122, y ésta es "una alegación escrita *hecha por un fiscal* . . . en la cual se imputa a una persona la comisión de un delito público", artículo 68 del Código de Enjuiciamiento Criminal, 1935, 34 L.P.R.A. sec. 123, y del texto de la misma debe surgir que "se funda en las declaraciones juradas de testigos juramentados por él (el fiscal) o las declaraciones de testigos examinados ante un juez instructor, y que él cree solemnemente que existe justa causa para formular la acusación", artículo 3 del Código de Enjuiciamiento Criminal, 1935, 34 L.P.R.A. sec. 3, la denuncia que se presentó originalmente ante el Tribunal de Distrito jurada por un agente del orden público no era suficiente a los fines del encausamiento de la acusada. Era preciso que

se radicara una acusación por el fiscal para iniciar propiamente el proceso criminal.([5])  Y en estas circunstancias, el término de 60 días se contaba desde la fecha del arresto hasta el de la presentación de la acusación.  Como entre el arresto de la acusada y la presentación de la acusación que formalmente inició el proceso ante el Tribunal Superior habían transcurrido más de 60 días, procedía el archivo y sobreseimiento decretado.

*Se anulará el auto expedido.*

--------

([5]) El resultado hubiese sido distinto si la denuncia ante el Tribunal de Distrito se hubiese presentado por un fiscal.