[Civ. No. 25084. Third Dist. June 5, 1985.]

OSCAR HENRY, JR., Petitioner, v.
THE MUNICIPAL COURT FOR THE STOCKTON JUDICIAL
DISTRICT OF SAN JOAQUIN COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

COUNSEL

Robert N. Chargin, Public Defender, and Georgia A. McElroy, Deputy Public Defender, for Petitioner.

No appearance for Respondent and for Real Party in Interest.

OPINION

**PUGLIA, P. J.**—After petitioner (defendant) was formally charged with a felony, the statutory provision he was alleged to have violated was inadvertently eliminated; almost one month later it was restored. Throughout this confusion of legislative activity, the charge against defendant has endured despite his entreaty to the lower court that this series of events leaves him absolved of criminal liability. He now presses the same theory upon this court where it will again be rejected.

A complaint filed in respondent municipal court on October 23, 1984, charges defendant with a violation of subdivision (b) of Health and Safety Code section 11550. (Hereafter § 11550.) The complaint alleges that on October 22, 1984, defendant unlawfully used "and/or" was under the influence of phencyclidine, a controlled substance specified in subdivision (e) of Health and Safety Code section 11055 (hereafter § 11055). In this petition, defendant seeks a writ of prohibition or mandate directing respondent municipal court to vacate its order overruling and to enter a new order

sustaining his demurrer to the complaint (see Code Civ. Proc., § 904.1, subd. (a)(4)).

Defendant's demurrer is based upon certain changes in the Health and Safety Code enacted in chapter 1635 of the Statutes of 1984 (hereafter chapter 1635). Chapter 1635, "enacted solely to conform California's [controlled substances] schedules to federal law wherever possible" (Stats. 1985, ch. 3, § 16), went into effect on January 1, 1985, while defendant's case was pending in the municipal court. Prior to the effective date of chapter 1635, section 11550, subdivision (b), prohibited using or being under the influence of "any controlled substance which is specified in subdivision (e) of Section 11055," which included phencyclidine and its analogs. However, chapter 1635 as adopted, changed the cross-reference in section 11550, subdivision (b), from subdivision (e) to subdivision (f) of § 11055. (Stats. 1984, ch. 1635, § 74.) Subdivision (f) of § 11055 makes it a misdemeanor to use or be under the influence of any of several "precursor" chemicals. Subdivision (f) does not deal with phencyclidine. The effect of this cross-reference change was to delete the prohibition against using or being under the influence of phencyclidine. As a result, chapter 1635 "decriminalized" the use of phencyclidine.

The Legislature quickly recognized its error and on January 29, 1985, passed an urgency bill, effective immediately, which corrected the cross-reference in subdivision (b) of section 11550 from subdivision (f) to subdivision (e) of § 11055 so as to reinstate the prior restriction on the use of phencyclidine. (Stats. 1985, ch. 3, § 14; hereafter chapter 3.) Neither the 1984 revision of section 11550 nor the 1985 curative measure made any material change in the statutory language relating to the conduct proscribed or the punishment therefor. In enacting chapter 3 the Legislature included the following statement of its intent: "The Legislature further finds and declares that after enactment of the measure [chapter 1635] it was discovered that the bill contained drafting errors in technical cross-references inadvertently creating ambiguities regarding the applicability of a number of provisions of prior law regarding the manufacture; [sic] sale, or use of certain controlled substances. Accordingly, this measure was introduced at the earliest opportunity available to correct those errors and clarify the continued application of all previous provisions prohibiting the manufacture, sale, or use of controlled substances. It additionally adds provisions unanimously approved by the Legislature in Assembly Bill No. 3165 of the 1983-84 Regular Session of the Legislature regarding the manufacture of controlled substances. [¶] The Legislature therefore expressly finds and declares that Chapter 1635 of the Statutes of 1984 was not intended to reduce or eliminate in any manner previously existing prohibitions against or penalties for the manufacture, sale, or use of controlled substances." (Stats. 1985, ch. 3, § 16.)

On February 4, 1985, defendant filed his demurrer to the complaint pending in respondent court. ■ His argument for dismissal is based on two premises: First, he contends that the "repeal," effective January 1, 1985, of the provisions of section 11550, subdivision (b), with which he is charged prevents any further prosecution under the statute in effect prior to that time. (See *In re Estrada* (1965) 63 Cal.2d 740 [48 Cal.Rptr. 172, 408 P.2d 948]; *People* v. *Rossi* (1976) 18 Cal.3d 295 [134 Cal.Rptr. 64, 555 P.2d 1313].) Second, he asserts that the constitutional restraint on the ex post facto application of criminal laws would be violated by subjecting him to trial and possible punishment under the urgency amendments to section 11550 which went into effect on January 29, 1985. Although there may be merit in defendant's first point, we determine that he may nevertheless be tried under the corrective amendments to section 11550, subdivision (b), enacted by chapter 3 of the 1985 Statutes.

*In re Estrada, supra,* 63 Cal.2d 740, stands for the proposition that, in the absence of a savings clause or some other indication of legislative intent to the contrary, when a criminal statute is amended to reduce the possible punishment for a prohibited act, the defendant in any case not yet final is entitled to the benefit of the lower punishment. (*In re Estrada, supra,* 63 Cal.2d at p. 744.) *People* v. *Rossi, supra,* 18 Cal.3d 295, holds that the *Estrada* principle is equally applicable to the repeal of a criminal statute. *Rossi* reaffirmed the following language from *Estrada:* " '[i]t is the rule at common law and in this state that when the old law in effect when the act is committed is repealed, and there is no savings clause, all prosecutions not reduced to final judgment are barred.' " (*People* v. *Rossi, supra,* 18 Cal.3d at p. 302.)

In the instant case there was no repeal as such of section 11550, subdivision (b). However, the effect of chapter 1635 was to eliminate, for a period of 29 days, criminal sanctions for using or being under the influence of phencyclidine. Since this change in the law became effective while defendant's case was pending, he would, under *Estrada* and *Rossi*, be entitled to its benefits unless there was a savings clause or some other indication of contrary legislative intent. The People argue that the previously quoted language from the 1985 urgency legislation expresses a clear legislative intent that prosecutions under section 11550, subdivision (b), for violations occurring prior to January 1, 1985, continue. Defendant, relying on *People* v. *Cuevas* (1980) 111 Cal.App.3d 189, 199 [168 Cal.Rptr. 519], counters that *post hoc* expressions of legislative intent may not be looked to in construing a statute. In view of our conclusion that defendant may be prosecuted under the current version of section 11550, as amended effective January 29, 1985, we find it unnecessary to resolve this dispute.

Numerous California cases recognize that the rule barring prosecution under a repealed statute does not apply when the repealed statute is substantially reenacted, because in such cases "it will be presumed that the legislative body 'did not intend that there should be a remission of crimes not reduced to final judgment.' " (*In re Dapper* (1969) 71 Cal.2d 184, 189 [77 Cal.Rptr. 897, 454 P.2d 905]; *People* v. *Beaty* (1978) 84 Cal.App.3d 239, 242 [148 Cal.Rptr. 319]; *Sobey* v. *Molony* (1940) 40 Cal.App.2d 381, 385 [104 P.2d 868].) That, of course, is precisely what happened here— chapter 3 was, in effect, a reenactment of section 11550, subdivision (b), exactly as it read prior to January 1, 1985. In most cases involving the repeal and reenactment of a criminal statute the new provision takes effect simultaneously with the cessation of the predecessor law. However, *People* v. *Beaty, supra,* reveals that this is not a prerequisite to the continuation, under the new law, of a prosecution commenced under the defunct statute. In *Beaty,* the defendant pled guilty to violating Penal Code section 667, which was repealed before the judgment became final. However, Penal Code section 666 was subsequently amended to reinstate the crime with the same punishment. The amendment went into effect one week after the repeal of the statute under which the defendant was charged. (*People* v. *Beaty, supra,* 84 Cal.App.3d at pp. 241-242.) The court recognized that under *People* v. *Rossi, supra,* the conviction could not be upheld under the repealed statute. However, the finding of guilt was preserved by giving effect to the new law. (*Ibid.,* at p. 242.)[1] In affirming the conviction under the new statute, the court relied on the following principle: " 'A statute has an ex post facto effect when it alters the situation of an accused to his disadvantage by: (a) making criminal an action innocent when done; (b) making more serious an act already criminal when done; (c) inflicting greater punishment than that attending the act at the time it was committed; or (d) permitting a person to be convicted with less evidence than was required when the act was done.' [Citations.]" (*Beaty, supra,* 84 Cal.App.3d at p. 242.) Since none of these conditions was present, Beaty's appeal was rejected.

Here, as in *Beaty,* the defendant's act was a crime when committed; the crime has not been made more serious by the subsequent statute, nor has the punishment been increased or the quantum of evidence necessary to sustain a conviction been reduced. Accordingly, defendant may be prosecuted under section 11550, subdivision (b), as amended effective January 29, 1985, by chapter 3 of the Statutes of 1985. Respondent court properly overruled defendant's demurrer to the complaint.

---

[1]While the court noted that restrictions against ex post facto applications of criminal law would bar prosecution for any acts committed during the hiatus between the repeal of the former section and the effective date of the new one, that restriction was not violated under the circumstances in *Beaty* nor is it here.

The petition is denied.

Regan, J., and Evans, J., concurred.