EL PUEBLO DE PUERTO RICO, demandante y peticionario, *v.* FÉLIX
ÁLVAREZ TORRES, acusado y recurrido.

*Número:* CE-90-268          *Resuelto:* 31 de enero de 1991

*Jorge E. Pérez Díaz*, Procurador General, *Norma Cotti Cruz*, Subprocuradora General, y *Anabelle Rodríguez*, Procuradora General Auxiliar, abogados de El Pueblo; *Mark Anthony Bimbela Quiñones, Luis Alicia Pérez Bonilla* y *Rafael E. Rodríguez Rivera*, de la *Sociedad para Asistencia Legal*, abogados del recurrido.

El Juez Asociado Señor Rebollo López emitió la opinión del Tribunal.

Por hechos supuestamente acaecidos *el 20 de abril de 1989*, el Tribunal de *Distrito* de Puerto Rico, Sala de Bayamón, el día 19 de mayo de 1989 determinó causa probable para arresto por los *delitos* de asesinato en primer grado, robo e infracción a los Arts. 6 y 8 de la Ley de Armas de Puerto Rico, 25 L.P.R.A. secs. 416 y 418, contra el recurrido Félix Álvarez Torres, *joven que para la fecha de la supuesta comisión de los hechos contaba con diecisiete*

*(17) años de edad.* Dicha actuación judicial fue como consecuencia de la aplicación a la referida situación de hechos de las disposiciones de la Ley de Menores de Puerto Rico, *Ley Núm. 34 de 19 de junio de 1987* (34 L.P.R.A. secs. 2204 y 2215), la cual "privaba de autoridad" al Tribunal Superior de Puerto Rico, *Asuntos de Menores,* para conocer de hechos constitutivos de asesinato, y delitos relacionados, supuestamente cometidos por jóvenes *entre las edades de catorce (14) y dieciocho (18) años.* Celebrada el día *12 de junio de 1989* la vista preliminar que establece la Regla 23 de Procedimiento Criminal de 1963, 34 L.P.R.A. Ap. II, el referido foro determinó "causa probable" contra el Recurrido por los delitos imputados.

El Ministerio Fiscal radicó los correspondientes pliegos acusatorios ante el Tribunal Superior de Puerto Rico, Sala de Bayamón, *el día 20 de junio de 1989.* El acto de lectura de la acusación se llevó a efecto *el día 28 de junio de 1989.* Ese mismo día, la representación legal del recurrido Álvarez Torres radicó ante el tribunal de instancia una "moción urgente solicitando desestimación por falta de jurisdicción". En la misma alegó, en síntesis y en lo pertinente, que la antes citada Ley Núm. 34 de 1987, conforme sus propios términos, *había expirado al momento en que el Ministerio Fiscal radicó los pliegos acusatorios,* razón por la cual dicho tribunal de instancia ya no tenía "jurisdicción" sobre la persona del menor de edad. Solicitó, en consecuencia, que el tribunal ordenara el traslado del asunto al "tribunal tutelar de menores".

Señalada, y celebrada el 5 de julio de 1989, una vista por el tribunal de instancia respecto a la moción antes mencionada, dicho foro mediante resolución escrita de fecha 13 de julio de 1989 declaró con lugar la moción radicada; en consecuencia, ordenó el "traslado" de los casos a la *Sala de Menores* del Tribunal Superior. Solicitada la reconsideración por el Ministerio Público, y luego de celebrar vista donde escuchó argumentos orales, el tribunal de instancia "ratificó" la decisión emitida anteriormente. Expresó, en lo pertinente, que habiendo sido radicadas las acusaciones el 20 de junio de 1989, esto es, ya expirado el término de dos (2) años de la

Ley Núm. 34, *supra*, "el estado de Derecho con respecto a los menores era gobernado por la Ley 88 de 9 de julio de 1986", esto es, la "Ley de Menores de Puerto Rico". Apéndice a Escrito para Mostrar Causa.

Ello no obstante, el Ministerio Público radicó *el 25 de agosto de 1989* nuevos pliegos acusatorios ante el Tribunal Superior de Puerto Rico, Sala de Bayamón, contra el recurrido Álvarez Torres por los delitos de asesinato, robo e infracción a la Ley de Armas de Puerto Rico. La referida actuación obviamente se debió a que la Asamblea Legislativa, mediante *la Ley Núm. 14 de 29 de junio de 1989* (34 L.P.R.A. secs. 2204 y 2215), había "extendido" por dos (2) años adicionales la vigencia de la disposición de la Ley Núm. 34, *supra*, a los efectos de "privar de autoridad" al Tribunal Superior, Asuntos de Menores, en relación con hechos constitutivos de asesinato, y delitos relacionados, alegadamente cometidos por menores de catorce (14) años de edad o más. La representación legal del Recurrido interpuso moción de desestimación. En la misma alegó, en síntesis, que dichas acusaciones eran idénticas a las anteriores, la improcedencia de las cuales ya el tribunal había determinado.

Luego de que el Estado se opusiera a la desestimación solicitada, y habiéndose celebrado vista en que las partes expusieron sus respectivas posiciones, el foro de instancia —mediante una extensa resolución de fecha 5 de febrero de 1990— decretó la desestimación de los nuevos pliegos acusatorios radicados. Dicho foro —aun cuando reconoció que la Asamblea Legislativa había "extendido", al aprobar la Ley Núm. 14, *supra*, la vigencia de la antes mencionada disposición de la Ley Núm. 34 por dos (2) años adicionales— determinó que entre el día que expiró la referida Ley Núm. 34 (18 de junio de 1989) y la fecha de vigencia de la citada Ley Núm. 14 (29 de junio de 1989) hubo un "vacío estatutario" que causó que "revirtiera al Tribunal de Menores la jurisdicción en este tipo de caso conforme la Ley 88 de 9 de julio de 1986". Resolución, pág. 25c.

Inconforme, acudió el Estado ante este Tribunal vía *certiorari*. En dicho recurso le imputó al tribunal de instancia haber errado:

. . . al concluir que el vacío estatutario que se creó en nuestro ordenamiento de justicia criminal al cesar la vigencia de la Ley Núm. 34 del 19 de junio de 1987 sin haberse aprobado la Ley Núm. 14 del 29 de junio de 1989 que sustituyera la primera, le impedía procesar·al aquí acusado. Petición de *certiorari*, pág. 5.

Mediante Resolución de fecha 3 de mayo de 1990 le concedimos término al recurrido Félix Álvarez Torres para que mostrara causa por la cual este Tribunal no debía expedir el auto de *certiorari* radicado y dictar sentencia revocatoria de la resolución recurrida. Dicha parte ha comparecido. Estando en condiciones de resolver el recurso, procedemos a así hacerlo.

I

Como es sabido, el Art. 29 del vigente Código Penal de Puerto Rico, 33 L.P.R.A. sec. 3151, establece que:

Una persona *no* será procesada o convicta criminalmente por un hecho realizado cuando dicha persona no hubiere cumplido 18 años de edad, *salvo los casos provistos en la legislación especial para menores.* (Énfasis suplido.)

■ Expresando que los "dramáticos cambios sociales ocurridos en las últimas décadas y el creciente aumento en la delincuencia juvenil" la obligaban a tomar "acciones encaminadas, no sólo a proteger el interés del menor, sino a velar por el bienestar, la seguridad y la tranquilidad de toda la comunidad" (1987 Leyes de Puerto Rico 121), la Asamblea Legislativa de Puerto Rico aprobó la Ley Núm. 34, *supra.*

■ La citada Ley Núm. 34, en lo pertinente al caso ante nuestra consideración, enmendó la "Ley de Menores de Puerto Rico"(1) a los fines *de excluir de la autoridad del Tribunal Superior, Sala de Menores, los casos en que se le impute a un*

---

(1)  Ley Núm. 88 de 9 de julio de 1986.

*menor que hubiese cumplido catorce (14) años de edad la comisión de hechos constitutivos de asesinato o en aquellos que surjan de la misma transacción o evento constitutivo de asesinato.* Mediante la Sec. 4 de la referida Ley Núm. 34, se dispuso que la misma comenzaría a *"regir inmediatamente* después de su aprobación y *estará en vigor por dos (2) años desde su fecha de vigencia* a cuyo término de expiración la Asamblea Legislativa deberá hacer una evaluación del resultado de la misma". (Énfasis suplido.) 1987 Leyes de Puerto Rico 124. *Dicha Ley Núm. 34, en consecuencia, expiraba el día 18 de junio de 1989.*[2]

■ La Asamblea Legislativa no pudo realizar la referida "evaluación" en el mencionado término de dos años; interesando llevar a cabo la misma, la Legislatura no tuvo otra alternativa que "prorrogar" dicho término. A esos efectos aprobó *la Ley Núm. 14, supra.* En la "exposición de motivos" de la Ley Núm. 14 se expresó, en lo pertinente, que: "para *evitar un vacío jurídico en la normativa de justicia juvenil,* es necesario *volver a adoptar* las disposiciones de dicha Ley Núm. 34 por un término definido adicional [dos años] lo suficientemente razonable para que la Asamblea Legislativa pueda hacer una evaluación responsable de la misma". (Énfasis suplido.) 1989 Leyes de Puerto Rico 70. De lo antes expuesto resulta ser un hecho incontrovertido que —habiendo expirado la antes citada Ley Núm. 34, conforme sus propios términos, el día *18* de junio de 1989 y habiendo comenzado a regir la referida Ley Núm. 14 el día *29* de junio de 1989— *existió un período de diez (10) días* durante el cual no estuvo vigente la disposición estatutaria privando de autoridad al Tribunal Superior, Asuntos de Menores, en los casos en que se le impute a un menor, que hubiera cumplido catorce (14) años de edad, la comisión de hechos constitutivos de asesinato y delitos relacionados.

*¿Qué significado, efecto o consecuencia tuvo ese hecho en nuestro sistema de justicia juvenil?*

---

[2] Ello así debido a que el año 1989 *era uno bisiesto.* Véase *Sánchez v. Cooperativa Azucarera,* 66 D.P.R. 346 (1946).

En lo referente a hechos constitutivos de asesinato *cometidos durante el mencionado periodo de diez (10) días* por un joven, mayor de catorce (14) pero menor de dieciocho (18) años de edad, la contestación no es muy difícil. Conforme dispone la Ley de Menores de 1986, *vigente en toda su extensión durante el mencionado periodo de diez (10) días,* los hechos cometidos constituían una "falta Clase III", razón por la cual el tribunal con "autoridad" para entender en el asunto lo era el Tribunal Superior, *Asuntos de Menores.* Véanse: *Pueblo ex rel. L.V.C.,* 110 D.P.R. 114 (1980); *Pueblo v. Andújar,* 80 D.P.R. 822 (1958).

Esa, sin embargo, *no* es la situación de hechos que plantea el presente recurso. Como vimos, al alegadamente cometerse los hechos constitutivos de asesinato el 20 de abril de 1989 por el recurrido Álvarez Torres, *la citada Ley Núm. 34 estaba en vigor.* En consecuencia, *la interrogante que debemos contestar* lo es si el momentáneo vacío estatutario que se creó en nuestro sistema de justicia criminal al cesar la vigencia de la Ley Núm. 34, *supra,* sin haberse aprobado la Ley Núm. 14, *supra, impedía que el Ministerio Público continuara adelante con el procesamiento, como adulto, del recurrido Álvarez Torres por los hechos alegadamente cometidos durante la vigencia de la Ley Núm. 34,* supra.

## II

Las leyes cesan o dejan de existir debido a diversas razones, entre otras: por razón de que la Asamblea Legislativa aprueba una ley posterior que deroga la misma; porque la propia ley contiene una cláusula de expiración; o debido a que el foro judicial decrete la inconstitucionalidad de la misma. Si bien es correcto que en las dos (2) primeras instancias se trata de situaciones distintas —en el caso de la derogación, la Asamblea Legislativa actúa con posterioridad a la aprobación original de la ley, mientras que en la situación de la cláusula de expiración, la Legislatura actúa a esos efectos al originalmente aprobar la ley— no es menos cierto que en ambas situaciones hay una *acción*

*afirmativa* de parte de la Asamblea Legislativa que hace que *cese* la ley. *Es por ello que somos del criterio que las normas sobre interpretación estatutaria y acción legislativa referentes a leyes derogadas son de aplicación en el caso de las leyes que contienen una cláusula que limita su vigencia a un periodo de tiempo determinado.*

En las jurisdicciones estatales norteamericanas, la derogación —sin una cláusula de reserva o salvedad (*savings clause*) respecto a los casos pendientes— de un estatuto penal por un organismo legislativo tiene, *como regla general,* el efecto de despojar al Estado del poder de continuar adelante con un procedimiento o proceso criminal pendiente ante los tribunales. Véanse: Singer, *Sutherland Stat. Const.* Secs. 23.28–29 (4ta ed.); Witkin & Epstein, *California Criminal Law,* 2da ed., San Francisco, Bancroft Whitney Co., 1988, Vol. I, Sec. 69, pág. 87. El fundamento detrás de la referida regla general lo es que se entiende que la acción de derogar la ley por parte de la legislatura evidencia la intención expresa de ésta de no penalizar por más tiempo la conducta tipificada como delito por la ley derogada. *Sekt v. Justices Court of San Rafael TP,* 159 P.2d 17 (Cal. 1945).

Esta norma general, sin embargo, *tiene una importante excepción,* cual es, que cuando la legislatura, luego de haber derogado la ley, vuelve a promulgar en un tiempo razonablemente corto un estatuto sustancialmente igual al estatuto derogado, los procedimientos criminales pendientes ante el foro judicial no se afectan y pueden continuar. Witkin & Epstein, *op. cit.,* Sec. 71, pág. 89; F. Dickerson, *The Interpretation and Application of Statutes, Boston,* Ed. Little, Brown and Co., 1975, págs. 130–131.

En la jurisdicción de California —de donde proviene gran parte de nuestro ordenamiento de justicia criminal—[3] reiteradamente se ha decidido que una vez la Legislatura promulga una ley sustancialmente igual a la derogada, pone de manifiesto su intención de continuar con el enfoque penal previamente esta-

---

[3] Las Reglas de Evidencia, 32 L.P.R.A. Ap. IV, Procedimiento Criminal, 34 L.P.R.A. Ap. II, y el Código Penal, 33 L.P.R.A. sec. 1 y ss., utilizaron como modelo, entre otras, la reglamentación de California.

tuido; razón por la cual el momentáneo vacío estatutario no constituye impedimento para el procesamiento de los imputados de casos pendientes. Witkin & Epstein, *op. cit.*, Sec. 71, pág. 89; *People v. Colbert*, 244 Cal. Rptr. 98, 101 (1988); *Henry v. Mun. Ct. for S.J.D. of S.J.C. (People)*, 214 Cal. Rptr. 726 (1985); *People v. Alexander*, 224 Cal. Rptr. 290 (1986).[4]

## III

En Puerto Rico, la situación es un tanto más sencilla por razón de que no hay que necesariamente recurrir a los principios generales antes mencionados de interpretación estatutaria. En nuestra jurisdicción existen estatutos que específicamente preveen, y consideran, la interrogante antes mencionada; esto es, ¿qué sucede con los casos pendientes de procesamiento cuando la ley penal bajo la cual se procesan las mismas es derogada por la Asamblea Legislativa?

Establecen los Arts. 44 y 386 del Código Político de Puerto Rico, 2 L.P.R.A. secs. 252 y 253 , que:

*252. Efecto de la derogación—Infracción anterior*
La revocación de una ley creando un delito, no constituye impedimento para acusar o perseguir y castigar un hecho ya cometido con infracción de la ley así revocada, a menos que no se declare expresamente en la ley derogatoria el propósito de impedir tal persecución o castigo.

.     .     .     .     .     .     .     .     .

---

[4] En *People v. Colbert*, 244 Cal. Rptr. 98, 101 (1988), se expresó, en lo pertinente, que:
"When the *intent* of the Legislature is clearly not to decriminalize certain acts, the rule of abatement has no application: 'Numerous California cases recognize that the rule barring prosecution under a repealed statute *does not apply when the repealed statute is substantially reenacted*, because in such cases'*it will be presumed that the legislative body did not intend that there should be a remission of crimes not reduced to final judgment'.*" (Énfasis suplido.)
En *People v. Alexander*, 224 Cal. Rptr. 290, 297 (1986), se dijo, en lo pertinente, que:
". . .where the legislature repeals a criminal statute but reenacts it in substantially the same form, . . . *it is more reasonable to presume that the Legislature intended to punish people who committed crimes under the old statute* than to presume an intent to let such persons go free." (Énfasis suplido.)

*253. Pena, confiscación o responsabilidad anterior*

La derogación de cualquier estatuto por la Asamblea Legislativa no tendrá el efecto de exonerar o eximir de ninguna pena, embargo, confiscación o responsabilidad en que se hubiere incurrido bajo dicho estatuto, a menos que la ley derogatoria así lo dispusiere expresamente, y se tendrá por vigente dicho estatuto, al objeto de sostener la respectiva acción o proceso para exigir el cumplimiento de dicha pena, embargo, confiscación o responsabilidad.

■ A la luz de las disposiciones de los antes transcritos estatutos —en relación con los cuales hemos expresado que establecen una "cláusula de reserva general"— este Tribunal ha resuelto que si la Asamblea Legislativa, al derogar una ley penal, interesa impedir el procesamiento criminal bajo la misma de todo caso pendiente ante los tribunales a la fecha de la derogación, *viene en la obligación de así manifestarlo expresamente*; de lo contrario, la derogación de la ley no constituirá impedimento para que los procedimientos judiciales pendientes continúen adelante. *Pueblo v. Tribunal Superior*, 84 D.P.R. 140 (1961); *Pueblo v. Tribunal de Distrito*, 70 D.P.R. 678 (1949); *Pueblo v. Arecco*, 67 D.P.R. 322 (1947); *Pueblo v. Rodríguez*, 50 D.P.R. 36 (1936); *Pueblo v. Valentín*, 33 D.P.R. 40 (1924).

Ya anteriormente habíamos señalado que no existe razón alguna por la cual no se deban aplicar las normas sobre interpretación estatutaria y acción legislativa, referentes las mismas a leyes derogadas, a los casos en que la propia ley contiene una cláusula de expiración. Siendo ello así, y no existiendo en cuanto a la Ley Núm. 34, *supra*, una manifestación expresa por parte de la Asamblea Legislativa limitativa de la facultad general que le concede al Estado los antes transcritos Arts. 44 y 386 del Código Político, *no hay razón válida alguna por la cual el Ministerio Fiscal no podía continuar adelante con el procesamiento del recurrido Álvarez Torres bajo las disposiciones de la citada Ley Núm. 34 de 1987.*(5)

_____

(5) El argumento del recurrido Álvarez Torres a los efectos de que procede la confirmación de la resolución recurrida por razón de que *la citada Ley Núm. 14 de 1989* (34 L.P.R.A. secs. 2204 y 2215) resulta ser, en su aplicación a la situación de hechos que plantea el caso, una ley *ex post facto* es uno que *carece totalmente de méritos.*

■ Ahora bien, en relación con el caso que ocupa nuestra atención, la intención legislativa todavía es más clara. Como surge de lo expuesto en la Parte I de esta ponencia, la Asamblea Legislativa de Puerto Rico —teniendo en mente "el bienestar, la seguridad y la tranquilidad de toda la comunidad" (1987 Leyes de Puerto Rico 121)— entendió procedente aprobar la citada Ley Núm. 34 de 1987, *supra,* mediante la cual se privaba de autoridad al Tribunal Superior, Asuntos de Menores, en relación con hechos constitutivos del delito de asesinato en que se vieran envueltos menores de más de catorce (14) años de edad por un periodo de dos (2) años; término de tiempo durante el cual "evaluaría" la conveniencia de dicho "estado de derecho". Transcurrido el mencionado término de tiempo sin que hubiera podido finalizarse dicha evaluación, la Asamblea entendió procedente "prorrogar" dicho periodo de tiempo por dos (2) años adicionales. A esos efectos, aprobó la citada Ley Núm. 14 de 1989. *Al aprobar la*

---

*En primer lugar, el Estado podía seguir procesando al Recurrido al amparo de las disposiciones de la Ley Núm. 34 de 1987* (34 L.P.R.A. sec. 2201 *et seq.*) en virtud de lo dispuesto por los antes citados Arts. 44 y 386 del Código Político, 2 L.P.R.A. secs. 44 y 386; esto es, aun cuando la Asamblea Legislativa no hubiera aprobado la Ley Núm. 14 de 1989, *supra,* el Estado podía continuar adelante con el proceso criminal comenzado contra el Recurrido bajo las disposiciones de la Ley Núm. 34 de 1987, *supra.*

Por otro lado, ya propiamente en cuanto a *la Ley Núm. 14 de 1989, supra,* como expresáramos en *Pueblo v. Pérez Méndez,* 83 D.P.R. 539 (1961), existen varios criterios para determinar si una ley resulta ser *ex post facto* en su aplicación a un imputado de delito, a saber: (1) si considera delictivo y castiga un acto que al ser realizado no era punible; (2) si agrava un delito o lo hace mayor de lo que era al momento de ser cometido; (3) si altera las normas de evidencia y exige más prueba o prueba distinta a la exigida por la ley vigente a la fecha de la comisión del delito, y (4) *si en relación con el delito o sus consecuencias, altera la situación del acusado en forma desfavorable para él.*

Salta a la vista que los criterios segundo y tercero son obviamente inaplicables al caso de autos. En cuanto al primero de ellos, baste con decir que, al momento en que el menor recurrido alegadamente cometió los hechos imputádoles —20 de abril de 1989— estaba en todo su vigor la citada Ley Núm. 34 de 19 de junio de 1987, la cual tenía la consecuencia de que todo hecho constitutivo de asesinato cometido por un menor de edad mayor de catorce (14) años se entendía delito grave, según éste está tipificado por el Art. 82 del vigente Código Penal, 33 L.P.R.A. sec. 4001, y no como una falta Clase III bajo la Ley de Menores de Puerto Rico, 34 L.P.R.A. sec. 2203(l). Por consiguiente, desde un punto de vista jurídico, el Recurrido estaba "consciente y notificado" del hecho de que la consecuencia legal a que se exponía por los alegados actos cometidos y de que el Tribunal Superior, Asuntos de Menores, estaba privado de autoridad para intervenir en el asunto. En cuanto al cuarto de los criterios, *la Ley Núm. 14, supra,* no alteró en forma desfavorable la situación jurídica del Recurrido en relación con dicho delito y sus consecuencias.

*misma, expresó dicha Asamblea Legislativa que lo hacía* "para evitar un vacío jurídico en la normativa de justicia juvenil . . . ". 1989 Leyes de Puerto Rico 70.[6]

La intención de nuestra Asamblea Legislativa no puede ser más clara y evidente: nunca tuvo la intención de alterar, afectar, o de alguna forma terminar, los procedimientos penales comenzados contra menores de edad, mayores de catorce (14) años, que hubieran sido acusados del delito de asesinato, y delitos relacionados, al amparo de las disposiciones de la antes citada Ley Núm. 34 de 1987; todo lo contrario, el propósito e intención legislativa fue el de "conservar" el estado de derecho vigente bajo la mencionada Ley Núm. 34.

Resolvemos, en consecuencia, que incurrió en error el Tribunal Superior de Puerto Rico, Sala de Bayamón, al originalmente ordenar el traslado de los casos al Tribunal Superior, Asuntos de Menores, en su resolución de fecha 13 de julio de 1989 y al finalmente desestimar las nuevas acusaciones radicadas por el Ministerio Fiscal mediante la resolución que emitiera de fecha 5 de febrero de 1990.

Por los fundamentos antes expuestos, *se expide el auto de certiorari radicado y se dictará sentencia revocatoria de la resolución emitida por el Tribunal Superior de Puerto Rico, Sala de Bayamón, con fecha de 5 de febrero de 1990, devolviéndose el caso a dicho foro para procedimientos ulteriores consistentes con lo aquí resuelto.*

El Juez Asociado Señor Hernández Denton concurre con el resultado sin opinión escrita.

---

(6) En nuestra tarea de interpretar estatutos constituye un principio cardinal dar efecto a la intención legislativa. *Vivaldi v. Mariani et al.*, 10 D.P.R. 444, 448-449 (1906); *Espasas Dairy, Inc. v. J.S.M.*, 96 D.P.R. 816, 817 (1969); *Rojas v. Méndez & Co., Inc.*, 115 D.P.R. 50 (1984). A estos efectos resultan de gran utilidad la exposición de motivos de una ley, cf. *Pueblo ex rel. J.L.D.R.*, 114 D.P.R. 497, 502 (1983), así como el debate legislativo que culminó en la aprobación del estatuto. *Trigo v. The Travelers Ins. Co.*, 91 D.P.R. 868, 875–876 (1965).