## El Pueblo *v.* Cartagena.

Apelación procedente de la Corte de Distrito de Guayama.

No. 443.—Resuelto en junio 29, 1912.

Derecho Penal—Falsificación de un Check—Eliminación de la Declaración de un Testigo.—Es improcedente y no comete error el tribunal que deniega la eliminación de la declaración de un testigo, solicitada después de haber permitido que el testigo declarara sin protesta alguna.

Id.—Eliminación de la Declaración de un Testigo—Tiempo para Pedirla.— Ordinariamente una moción para eliminar una declaración de un testigo debe hacerse al tiempo de prestarse la declaración, si la objeción al testimonio es manifiesta. Si la objeción no es manifiesta en tal momento, debe hacerse inmediatamente después que llegue a serlo. Si la objeción es dirigida a la competencia del testigo, es demasiado tarde el pedir la eliminación después de haber terminado la declaración.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Manuel A. Martínez.*

Abogado del apelado: *Sr. Charles E. Foote, Fiscal.*

El Juez Asociado Sr. del Toro, emitió la opinión del tribunal.

El Fiscal del Distrito de Guayama formuló acusación contra Teodoro Cartagena imputándole la comisión de un delito de falsificación consistente en haber, voluntaria y maliciosamente y con intención de defraudar a su dueño Olimpio Díaz, endosado falsamente un cheque por valor de treinta pesos y cobrado su importe. El hecho se alega que ocurrió en Cayey en uno de los días del mes de agosto de 1911. En la acusación se transcribe el cheque y se consigna detalladamente la forma en que fué falsificado y cobrado por Cartagena.

El acusado negó la acusación y solicitó juicio por jurados, que se celebró el 21 de diciembre de 1911. Oídas las alegaciones, las pruebas y las instrucciones de la corte, el jurado rindió un veredicto de culpable y la corte finalmente, el 6 de febrero de 1912, después de haber retirado el acusado una moción que presentara en solicitud de nuevo juicio, dictó sentencia imponiendo al convicto la pena de dos años de pre-

sidio con trabajos forzados.   Contra esa sentencia, se interpuso el presente recurso de apelación.

El apelante no ha presentado alegato alguno para sostener el recurso, ni compareció al acto de la vista del mismo, que se celebró el día 18 de junio actual.

Forma parte de la transcripción de los autos una exposición del caso, en la que aparecen las declaraciones de los testigos.   Miguel Castro, testigo del Fiscal, declaró que conocía la firma del acusado aunque no con mucha seguridad. El Fiscal le presentó una declaración del acusado y le preguntó al testigo si la firma que aparecía al pie de ella era del acusado, y el testigo contestó que se le parecía, que la tomaría como del acusado, aunque no puede asegurar que lo sea.   La defensa pidió la eliminación de la declaración del testigo por no haber demostrado que fuera perito.   La corte negó la eliminación y el acusado tomó excepción.

A nuestro juicio la corte sentenciadora no cometió error alguno al resolver la cuestión suscitada en tal sentido, en primer lugar porque el acusado solicitó la eliminación de la declaración del testigo después de haber permitido que el testigo declarara sin protestar y en segundo lugar, porque Miguel Castro ni fué presentado ni declaró como perito, sino simplemente como un testigo, que conocedor de la firma de una persona, está en condiciones de deponer si la que se le presenta es o se parece a la de dicha persona.

Ordinariamente una moción para eliminar una declaración objecionable debe hacerse al tiempo de prestarse la declaración, si la objeción al testimonio es manifiesta.   Si la objeción no es manifiesta en tal momento, debe hacerse inmediatamente después que llegue a serlo.   La corte puede propiamente desestimarla si se espera para hacerla hasta después de repreguntar al testigo; después que el testigó concluyó completamente de declarar, o se le permitió que dejara la silla de testigos, o después de haber sido examinados otros testigos, o después de terminadas las pruebas en el caso, o después de haberse argumentado parte del caso, o cuando no

hay nada que excuse la dilación. Si la objeción se dirige a la competencia del testigo, es demasiado tarde el pedir la eliminación después de haber terminado de declarar. (38 Cyc., 1407 y 1408.)

Terminada la prueba del Fiscal, el acusado por medio de su abogado solicitó que se le absolviera perentoriamente, la corte negó la solicitud y el acusado tomó excepción.

La prueba del Fiscal es suficiente. *Olimpio Díaz* declaró que Luis R. Vázquez le extendió a su favor un cheque por 30 pesos; que dejó dicho cheque sin firmar en poder de su padre; que el nombre suyo que aparece en el cheque no es puesto por él; *Erasmo Rivera*, dijo que se encontró en un banco de la plaza de Cayey un cheque sin firmar; que lo llevó a Cartagena quien le dijo que estaba sin firmar y que si se lo quería vender; que le dijo a Cartagena: "Cógelo y si lo cambias, dame algo;" que se fué y no supo más del cheque; *Pedro Vázquez* manifestó que Erasmo Rivera fué a su casa con un cheque a ver si valía, que el testigo al ver el cheque le dijo que sí, pero al examinarlo por detrás y observar que no estaba firmado, le contestó que no le daba por él ni cinco centavos; *Serafín García* expresó que Cartagena le llevó el cheque para pagarle diez pesos que le debía, que le pareció bueno, tomó el cheque y le devolvió a Cartagena veinte pesos. Que la firma decía "Olimpio Díaz," pero que él no sabe quien lo firmó. El testigo pagó once pesos que debía a Manuel Castro con el cheque, se fué para el campo y al volver se encontró con que la policía lo buscaba; que mandó llamar enseguida a Cartagena; que Cartagena fué, y no negó que le había dado el cheque y manifestó que lo había tomado en su tienda a uno que no conocía; y *Luis E. Luca*, cabo de la policía, depuso que en la investigación que practicara con motivo del cheque, el acusado manifestó que había dado el cheque a García y que lo había tomado de un individuo desconocido que había llegado a su establecimiento.

A virtud del extracto que hemos hecho de la prueba de

cargo, es necesario concluir como ya hemos dicho, que es sufi-
ciente para establecer la culpabilidad del acusado, y que por
tanto, la Corte de Distrito no cometió error alguno al negarse
a absolverlo perentoriamente.

La prueba de descargo consistió en las declaraciones de
las testigos *Teresa López* y *María Capela,* quienes dijeron
que habían presenciado cuando Erasmo Rivera llegó a la tien-
da del acusado y le dió un cheque, devolviéndole el acusado en
cambio treinta pesos; y en el dictámen de un perito calí-
grafo que al examinar el nombre "Olimpio Díaz" que apa-
rece en el cheque, comparándolo con otro escrito por el acu-
sado a presencia de la Corte, encontró semejanzas y dife-
rencias, no pudiendo asegurar nada definitivamente.

La prueba que se sometió finalmente al jurado resultó,
pues, contradictoria, y como no se ha demostrado que exis-
tiera pasión, prejuicio, o parcialidad por parte de dicho ju-
rado, ni que cometiera al rendir su veredicto error alguno
manifiesto, debemos aceptar que el conflicto fué decidido en
la forma procedente.

A pesar de que la acusación y las instrucciones no han
sido impugnadas por el apelante, las hemos examinado cuida-
dosamente y las encontramos enteramente correctas.

El recurso debe declararse sin lugar y confirmarse la sen-
tencia apelada.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Aso-
ciados MacLeary, Wolf y Aldrey.