ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| FÉLIX FERNÁNDEZ DOBLES<br><br>RECURRENTE<br><br>V.<br><br>JUNTA DE LIBERTAD BAJO PALABRA<br><br>RECURRIDOS | KLRA202400488 | *REVISIÓN JUDICIAL* procedente de la Junta de Libertad Bajo Palabra<br><br>Caso Núm.: 0147939<br><br>Sobre: Moción de Reconsideración (No Ha Lugar) / No Jurisdicción |

Panel integrado por su presidenta, la juez Brignoni Mártir, la jueza Álvarez Esnard, y la jueza Prats Palerm

Brignoni Mártir, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 2 de diciembre de 2024.

Comparece el señor Félix Fernández Dobles (el señor Fernández Dobles, en apelante), quien es miembro de la población correccional, mediante una *Petición de Revisión Judicial.* Nos solicita la revocación de una *Resolución* emitida y notificada el 6 de agosto de 2024 por la Junta de Libertad Bajo Palabra (la Junta, en adelante). En virtud del referido dictamen, la agencia declaró que no ostentaba jurisdicción para atender una solicitud de libertad bajo palabra de conformidad con la recién aprobada Ley Núm. 85-2024.

Evaluado el presente recurso, **confirmamos** la *Resolución* recurrida.

**I.**

El 18 de mayo de 2004, el Tribunal de Primera Instancia sentenció al señor Fernández Dobles al cumplimiento de una condena de ciento setenta y siete (177) años en institución correccional por los hechos

ocurridos el 8 de marzo de 2001.[1] En lo pertinente, constan unas *Sentencias* en el expediente ante nos, las cuales disponen que el recurrente incurrió en la infracción de los siguientes delitos: (1) secuestro agravado, (2) violación, y (3) actos lascivos, según tipificados en el derogado Código Penal (1974), más (4) portación y uso de armas sin licencia, y (4) disparar o apuntar arma de fuego según prescrito por la derogada Ley de Armas de Puerto Rico (2000). En consecuencia, el foro sentenciador estableció que las sentencias impuestas debían cumplirse consecutivamente entre sí y con cualquier otro caso que en aquel entonces estuviese cumpliendo.

En el transcurso del cumplimiento de estas penas, el 29 de junio de 2023, el Departamento de Corrección y Rehabilitación de Puerto Rico rindió un *Informe Breve para Referir Casos de Sentencia por Delito Graves ante la Junta de Libertad Bajo Palabra*.[2] En este escrito detalló que el recurrente cumple ciento setenta y siete (177) años de prisión de una sentencia consolidada. También señaló que 19 de mayo de 2023 clasificó a la categoría de custodia mínima. Agregó que actualmente funge como servidor de alimentos y no presenta un historial de violencia o indisciplina. En vista de lo anterior, informó que era elegible para ser considerado ante la Junta en virtud de la Ley Núm. 185-2022.

Así las cosas, el 3 de agosto de 2023, la Junta remitió al señor Hernández Dobles una *Citación para Vista* calendarizada para el 29 de septiembre de 2024 con el propósito de determinar si procede concederle la libertad bajo la palabra.[3]

No obstante, una vez inició el proceso evaluativo ante la agencia, el 25 de enero de 2024, la parte perjudicada, identificada como P.B.N., presentó una *Moción Solicitando la Paralización de los Procedimientos por*

---

[1] Apéndice de la agencia recurrida, págs. 21-31. Surge del expediente ante nuestra consideración que, el recurrente cumple, además, otras condenas carcelarias por hechos ocurridos en los meses de marzo de 2001 a julio de 2003. Durante este término, incurrió en una serie de secuestros agravados, violaciones, actos lascivos. Por estas transgresiones, el recurrente sometió una alegación de culpabilidad ante el foro primario. Así las cosas, el tribunal sentenciador fijó extinguir las penas impuestas de manera consecutiva.
[2] Apéndice de la parte recurrente, págs. 1-4.
[3] Apéndice de la parte recurrente, pág. 5.

*Incumplimiento con las Disposiciones de las Víctimas Establecidas en la Ley Orgánica de la Junta y su Reglamento.*[4] En síntesis, señaló que no surge del expediente administrativo una certificación que acredite el pago de las penas especiales de acuerdo con las sentencias emitidas el 18 de mayo de 2004. Advirtió que tampoco se le notificó del procedimiento administrativo.

Con posterioridad, el 1 de marzo de 2024, la parte perjudicada sometió una *Moción sobre Falta de Jurisdicción de la Junta a tenor con la Ley 85 de 8 de enero de 2022.*[5] En esa ocasión, expuso que el recurrente extingue una pena de noventa y nueve (99) años por infracción al Artículo 99 que prohíbe la violación según el Código Penal (1974). Argumentó, también, que la agencia no tiene jurisdicción para evaluar el caso del confinado de conformidad con la Ley 85-2022, que enmienda la ley orgánica de la Junta, entiéndase, el inciso (4) del Artículo 3 de la Ley 118 de 22 de julio de 1974. En respuesta a tales argumentos, el 8 de marzo de 2024, el señor Fernández Dobles sometió una *Réplica y Oposición a Moción sobre Falta de Jurisdicción de la Junta.*[6] Brevemente señaló que procede aplicar de manera favorable las disposiciones de la precitada ley habilitadora.

Luego evaluar los argumentos de las partes, el 2 de abril de 2024, la Junta emitió *Resolución*, notificada el 4 abril de 2024, en la cual declaró *Ha Luga*r la solicitud de la parte perjudicada.[7] Al respecto, dictó el siguiente razonamiento legal:

> [L]a Junta procedió a examinar el expediente administrativo para emitir una determinación sobre el caso de epígrafe. Dicho estudio del expediente constató que, en efecto, la Junta no tiene ni tuvo jurisdicción sobre el caso de epígrafe por incumplimiento con la Ley Núm. 90-1995, entiéndase, que la Junta no notificó a todas las partes perjudicadas de los casos referidos por el Departamento de Corrección y Rehabilitación (DCR) a la consideración de la Junta. Tampoco la Junta tiene o tuvo jurisdicción al amparo de la Ley Núm. 183 del 29 de julio de 1998, según enmendada, pues el peticionario no pagó la totalidad de las penas especiales que se le impusieron en ciertas sentencias dictadas en distintos foros judiciales (Fajardo, San Juan y Carolina). De hecho según consta en la *Certificación del Departamento de Corrección y*

---

[4] Apéndice de la parte recurrente, pág. 7.
[5] Apéndice de la agencia recurrida, págs. 8-17.
[6] Apéndice de la parte recurrente, págs. 17-18.
[7] Apéndice de la parte recurrente, págs. 19-24.

*Rehabilitación (DCR)*, del 18 de marzo de 2024, el peticionario cuenta con varias penas especiales impuestas que ascienden a la cantidad de $8,700.00 y no existe evidencia en el expediente criminal que evidencie el pago de estas penas especiales impuestas.[8]

En lo pertinente a la controversia, dispuso que la Sección 3 de la Ley Núm. 85-2022, que enmienda el Artículo 3 de la Ley Núm. 118 de 22 de julio de 1974, excluye de su jurisdicción a los convictos de agresión sexual, según prohibido por el Código Penal (2012). No obstante, reconoció que dicha legislación no hace referencia a aquellos agresores cuyos delitos ocurrieron bajo los códigos penales previos, entiéndase, aquellas legislaciones correspondientes a los años 1974 y 2004. Por tanto, razonó que sobre ese aspecto conservaba jurisdicción. Sin embargo, dispuso que procedía dejar sin efecto los procedimientos iniciados ante la Junta, debido a que el confinado no presentó evidencia del pago de $8,700.00 de varias penas especiales. Consecuentemente, ordenó la celebración de una nueva vista luego de se notifique debidamente a las veinticuatro (24) partes perjudicadas y una vez el peticionario provea evidencia del pago de las penas especiales.

En desacuerdo aún, el 12 de abril de 2024, la parte perjudicada presentó una *Moción de Reconsideración*.[9] En su escrito alegó que debía computarse el mínimo de cumplimiento de la sentencia de acuerdo con las disposiciones del Código Penal (1974). Al amparo de dicha legislación, reiteró que la Junta carecía de jurisdicción para atender el caso. El 19 de abril de 2024, la Junta notificó que acogió su solicitud.

En vista de lo anterior, el 8 de julio de 2024, la Junta emitió *Resolución* en atención a la reconsideración solicitada por la parte perjudicada.[10] Al respecto, razonó que la Junta carece de jurisdicción para considerar el caso del recurrente. En lo pertinente, presentó un desglose de aquellos delitos incurridos por el confinado excluidos de la jurisdicción agencial a tenor con la Ley Núm. 85-2024:

---

[8] Apéndice de parte recurrente, págs. 19-20.
[9] Apéndice de la parte recurrente, pág. 25.
[10] Apéndice de la agencia recurrida, págs. 101-103.

| Delitos excluidos de la jurisdicción de la Junta por la Nueva Ley Núm. 85-2024 | Penas |
|---|---|
| Secuestro Agravado (9 casos) | 90 años-Pena Consecutiva 40 años |
| Secuestro (9 casos) | 40 años 24 años 16 años |
| Tentativa de secuestro (1) | 10 años |
| Violación (13 casos) | 45 años-Pena consecutiva 30 años 20 años 10 años |
| Actos lascivos (31 casos) | 7 años-Tres penas consecutivas 10 años 4 años 6 meses |
| Sodomía (2 meses) | 12 años 4 años |

También incluyó un desglose de aquellos delitos no excluidos de la jurisdicción de la Junta:

| Delitos no excluidos de la jurisdicción de la Junta por la Nueva Ley Núm. 85-2024 | Penas |
|---|---|
| Artículos 5.04 de la Ley de Armas (18 casos) | 15 años-Pena Consecutiva 10 años 5 años 2 años |
| Artículo 5.15 de la Ley de Armas (12 casos) | 6 años-Pena Consecutiva 15 años 10 años 1 año |
| Asesinato en segundo grado | 30 años |
| Restricción de Libertad Agravada (2 casos) | 3 años |
| Restricción de Libertad (11 casos) | 3 años |
| Agresión grave | 3 años |
| Agresión (5 casos) | 6 meses |
| Amenazas (14 casos) | 6 meses |

Así detallado, expuso que el recurrente no ha cumplido con la totalidad de las penas de los delitos excluidos bajo la nueva ley. Por último, cónsono con el vigente estado de derecho, declaró que la reconsideración peticionada por la parte perjudicada se tornó académica por la recién aprobada Ley Núm. 85-2024.

Oportunamente, el 23 de julio de 2024, el Fernández Dobles presentó una *Moción de Reconsideración.*[11] En esta solicitud, invocó el principio de favorabilidad, toda vez que la Sección 3 de la Ley Núm. 85-

---

[11] Apéndice de la agencia recurrida, págs. 105-108.

2022 establece que la referida legislación aplica retroactivamente a su caso independientemente de la ley vigente al momento de los hechos delictivos.

Luego de evaluar sus argumentos, el 6 de agosto de 2024, la Junta dictó y notificó *Resolución* en la cual declaró *No Ha Lugar* la referida petición. [12] En lo atinente, destacó las siguientes circunstancias de conformidad con la recién aprobada Ley Núm. 85-2024:

> El peticionario Félix Hernández Dobles, fue convicto por secuestro agravado (9 casos), secuestro (9 casos), tentativa de secuestro, violación (13 casos), actos lascivos (31 casos) y sodomía (2 casos), delitos expresamente excluidos de la jurisdicción de la Junta por la Ley Núm. 85-2024. Súmese que, la Ley es clara en cuanto a su aplicación indistintamente de la fecha de la comisión del acto delictivo, ni el código penal o la ley especial utilizada para dictar sentencia; e indistintamente de la etapa procesal en que se encuentre la referida solicitud. El peticionario fue referido por el Departamento de Corrección y Rehabilitación (DCR) a la consideración de la Junta el 6 de junio de 2023. Sin embargo, estando pendiente de evaluación, sin que haya una determinación final, se aprobó la referida Ley Núm. 85-2024.
>
> A la luz de lo anterior, es forzoso concluir que los reglamentos esbozados por el licenciado Bauzá Torres no proceden en derecho, pues resultarían académico hablar sobre la aplicación de la Ley Núm. 85-2022 cuando posteriormente, se aprobó una nueva Ley donde expresamente se excluyó de la jurisdicción de la Junta a las personas convictas por delitos de agresión sexual en todas sus modalidades, agresión sexual conyugal, violación, actos lascivos, sodomía, incesto, secuestro, secuestro agravado y pornografía infantil, incluyendo sus tentativas, Ley Núm. 85-2024.[13]

Inconforme con el proceder administrativo, el 3 de septiembre de 2024, el señor Fernández Dobles recurrió ante este Tribunal de Apelaciones mediante una *Petición de Revisión Judicial*. En su recurso, presenta el siguiente señalamiento de error:

> Erró la Junta de Libertad Bajo Palabra al declararse sin jurisdicción ignorando el precepto constitucional y la jurisprudencia interpretativa que impiden la aplicación retrospectiva de una ley cuando dicha aplicación perjudica al acusado y alargan el término de su reclusión.

Sometido su recurso, esta Curia emitió *Resolución* en la cual concedió el término de treinta (30) días a la agencia recurrida para someter el *Alegato en Oposición* a partir de la notificación. Así ordenado, el 21 de octubre de 2024, la Junta de Libertad Bajo Palabra, por conducto de la Oficina del Procurador General de Puerto Rico, presentó su *Escrito en*

---

[12] Apéndice de la parte recurrente, págs. 26-28.
[13] Apéndice de la parte recurrente, pág. 27.

*Cumplimiento de Resolución*. Eventualmente, la parte perjudicada radicó un escrito intitulado *Alegato de la Víctima* el 9 de octubre de 2024.

Con el beneficio de la comparecencia de las partes, procedemos a discutir el derecho pertinente a la controversia ante nuestra consideración.

**II.**

**A.      *Junta de Libertad Bajo Palabra***

La Constitución de Puerto Rico instaura como política pública del Estado reglamentar las instituciones penales para que sirvan a sus propósitos en forma efectiva, y así propender al tratamiento adecuado de la población correccional a los fines de posibilitar su rehabilitación moral y social. Const. PR, Art. VI, Sección 19, LPRA Tomo I. En armonía de este mandato constitucional, la Ley de la Junta de Libertad Bajo Palabra, Ley Núm. 118 de 22 de junio de 1974, 4 LPRA sec. 1501, según enmendada (Ley Núm. 118-1974), instituye este organismo administrativo como una entidad adscrita al Departamento de Corrección y Rehabilitación de Puerto Rico. El Artículo 3(d) de la precitada legislación establece que dicha agencia goza de la facultad para conceder el privilegio de libertad bajo palabra de una persona recluida en una institución penal en Puerto Rico. 4 LPRA 1503(d). Este beneficio no es un derecho reclamable, sino un privilegio cuya concesión y administración recae en el tribunal o en la Junta. *Quiles v. Del Valle,* 167 DPR 458, 475 (2006).

A esos fines, el Artículo 4 de la Ley Núm. 118-1974, *supra*, regula la jurisdicción de la Junta de Libertad Bajo Palabra de la siguiente manera:

> En los casos de las personas convictas conforme al vigente Código Penal del Estado Libre Asociado, la elegibilidad de los casos para consideración por la Junta se determinará conforme a la clasificación de gravedad de delito y a las condiciones para su concesión que establece el mencionado cuerpo legal. 4 LPRA sec. 1504.

Considerado este requisito jurisdiccional, la Junta tendrá facultad para evaluar si procede conceder el privilegio de libertad bajo palabra a la luz de una serie de requisitos establecidos en el Artículo 3-D de la Ley Núm. 118-1974, *supra*. 4 LPRA sec. 1503d. De cumplir con tales criterios, el solicitante del privilegio tendrá la oportunidad extinguir la última parte de su

sentencia fuera de la institución penal sujeto a la observancia de las condiciones que se impongan para conceder la libertad. *Quiles v. Del Valle, supra*, pág. 475. No obstante, la libertad bajo palabra solo será decretada en consideración del mejor interés de la sociedad y cuando las circunstancias permitan creer con razonable certeza que tal medida habrá de lograr la rehabilitación moral y económica del confinado. Art. 3, Ley Núm. 118, *supra,* 4 LPRA sec. 1503. Véase, también, *Lebrón Pérez v. Alcaide, Cárcel de Distrito,* 91 DPR 567, 570 (1964).

**B.      *Prohibición a la aplicación de leyes ex post facto***

La Constitución de Puerto Rico al igual que la Constitución de Estados Unidos de América prohíben aplicar leyes *ex post facto*. Art. II, Sec. 12, Const. PR, LPRA, Tomo 1; Art. I, Sec. 10, Cl. 1, Const. EE. UU, LPRA, Tomo 1.  Esta limitación constitucional busca prohibir la aplicación retroactiva de una ley que agrave para el acusado su relación con el delito, la oportunidad de defenderse y la forma de cumplir con una sentencia o su extensión. *Pueblo v. Ferrer Maldonado*, 201 DPR 974, 991 (2019). En virtud de esta cláusula, "se intenta asegurar que el Estado no utilice el poder coercitivo de forma arbitraria o vengativa*". González Fuentes v. E.L.A.*, 167 DPR 400, 408 (2006).

A esos fines, nuestro estado de derecho reconoce como leyes *ex post facto* aquellas legislaciones que presenten algunos de estos escenarios: (1) leyes que criminalizan y castigan un acto que, al ser realizado, no era delito; (2) las que agravan un delito o lo hacen mayor de lo que era al momento de ser cometido; (3) las que alteran el castigo imponiendo una pena mayor que la fijada para el delito al momento de ser cometido, y (4) las que alteran las reglas de evidencia, exigiendo menos prueba que la requerida por la ley al momento de la comisión del delito para castigar al acusado o reducir el quantum de evidencia necesario para encontrarlo culpable. *Pueblo v. Ferrer Maldonado, supra*, pág. 990; *Pueblo en interés menor F.R.F.*, 133 DPR 172, 180 esc. 14 (1993).

Conviene destacar que, en *González v. ELA*, *supra*, pág. 409, el Tribunal Supremo de Puerto Rico especifica que esta prohibición opera cuando una ley elimina retroactivamente bonificaciones por buen comportamiento que estaban vigentes cuando el acusado realizó la conducta delictiva. De manera similar, a modo ilustrativo, en *Pueblo en interés menor F.R.F., supra,* pág. 180, el foro supremo emitió el siguiente pronunciamiento jurídico:

> Si aplicáramos la Ley de Menores de 1986 a los hechos ocurridos el 9 de febrero de 1986, ello equivaldría a la aplicación *ex post facto* de una ley en detrimento del menor, habida cuenta que se le estaría juzgando bajo términos y condiciones más onerosos que los impuestos por la ley vigente a la fecha en que alegadamente se perpetraron los hechos, lo cual es constitucionalmente impermisible.

En esa dirección, al examinar si una ley penal resulta "más onerosa que la vigente al momento de la comisión de los hechos es necesario examinar si, en comparación con el viejo estatuto, la nueva ley tiene el efecto de alargar el término de reclusión que habría de ser cumplido por el sujeto". Íd. Una vez se efectúa ese análisis, la protección constitucional solo se activa cuando el estatuto que pretende aplicar retroactivamente es más oneroso que el que estaba vigente a la fecha en que se cometió la ofensa. *Corretger v. Adm. Corrección*, 172 DPR 320, 324 (2007).

**C.     *Principio de favorabilidad***

En contraste con la prohibición constitucional de leyes *ex post facto*, el principio de la favorabilidad es de carácter estatutario, pues surge como un acto de gracia legislativa. *Pueblo v. DiCristina Rexach*, 204 DPR 779, 786 (2020); *Pueblo v. González,* 165 DPR 675, 684 (2005). Nuestra legislatura adoptó por vez primera este principio en el Código Penal de 1974. *Pueblo v. González, supra,* págs. 684-685. Actualmente el Libro Primero del Código Penal de 2012, Ley Núm. 146-2012, 33 LPRA 5003, según enmendado, regula el principio de favorabilidad de la siguiente manera:

> La ley penal aplicable es la vigente al momento de la comisión de los hechos.

La ley penal tiene efecto retroactivo en lo que favorezca a la persona imputada de delito. En consecuencia, se aplican las siguientes normas:

(a) Si la ley vigente al tiempo de cometerse el delito es distinta de la que exista al procesar al imputado o al imponerle la sentencia, se aplicará siempre la ley más benigna.

(b) Si durante el término en que la persona está cumpliendo la sentencia entra en vigor una ley más benigna en cuanto a la pena o al modo de ejecutarla, se aplicará retroactivamente.

(c) Si durante el término en que la persona está cumpliendo la sentencia entra en vigor una ley que suprime el delito, o el Tribunal Supremo emite una decisión que despenalice el hecho, la pena quedará extinguida y la persona liberada, de estar recluida o en restricción de libertad.

En estos casos los efectos de la nueva ley o de la decisión judicial operarán de pleno derecho.[14]

De acuerdo a lo anterior, las leyes penales tendrán efecto retroactivo mientras beneficien al imputado. *Pueblo v. Thompson Faberlle*, 180 DPR 497, 504 (2010). Ello tiene como propósito evitar la aplicación arbitraria e irracional de la ley penal, pues "el principio republicano de gobierno exige la racionalidad de la acción del estado y esta es afectada cuando, por la mera circunstancia de que un individuo haya cometido el mismo hecho con anterioridad a otro, se le trate más rigurosamente". *Pueblo v. Torres Cruz*, 194 DPR 53 (2015) (citando a L.E. Chiesa Aponte, *Derecho penal sustantivo*, 2da ed., San Juan, Pubs. JTS, 2013, pág. 59).

No obstante, como el principio de favorabilidad no tiene rango constitucional, la aplicación retroactiva de las leyes penales queda a prerrogativa del legislador. *Pueblo v. Hernández García*, 186 DPR 656, 673

---

[14] Citamos esta disposición, toda vez que el Artículo 1 del Código Penal (2012), *supra*, establece que "[l]os principios contenidos en el Libro Primero de la Parte General de este Código aplican a la conducta regulada por otras leyes penales, salvo que éstas dispongan lo contrario". 33 LPRA sec. 5001. No obstante, en aras de despejar cualquier duda, aludimos al Artículo 4 del Código Penal de 1974, el cual dispone lo siguiente:

Las leyes penales no tienen efecto retroactivo, salvo en cuanto favorezcan a la persona imputada de delito.

Si la ley vigente al tiempo de cometerse el delito fuere distinta de la que exista al imponerse la sentencia, se aplicará siempre la más benigna.

Si durante la condena se aprobare una ley más benigna en cuanto a la pena o al modo de ejecución la misma se limitará a lo establecido por esa ley.

En los casos de la presente sección los efectos de la nueva ley operarán de pleno derecho.

Nótese que el precitado artículo regula el principio de favorabilidad de manera similar al Código Penal vigente.

(2012). *Pueblo v. González*, *supra*, pág. 708.  En efecto, previo a aplicar retroactivamente un nuevo estatuto penal en beneficio de una persona, se debe determinar si el legislador no ha limitado tal alcance. Íd.

Específicamente, se debe evaluar si la ley posterior más favorable contiene una cláusula de reserva que lo impida. D. Nevares-Muñiz, *Código Penal de Puerto Rico*, 4ta ed. rev., San Juan, Inst. para el Desarrollo del Derecho, 201, pág. 10.  A modo ilustrativo, en *Pueblo v. Torres Cruz*, *supra*, pág. 61, el máximo foro resolvió que la Ley Núm. 246-2014 no contenía una cláusula de reserva que prohibiera su aplicación retroactiva. A los fines de sustentar su dictamen, emitió el siguiente razonamiento legal:

> Salvo que la Asamblea Legislativa disponga otra cosa mediante una cláusula de reserva, es imposible impedir, *a priori*, que una persona renuncie a invocar posteriormente los beneficios de una legislación que le aplica y le puede beneficiar. En otras palabras, no hay forma de impedir que la Asamblea Legislativa, retroactivamente, decida que, por virtud del principio de favorabilidad, procede reducir la pena de una persona convicta. Íd., pág. 69.

Por otro lado, un argumento a favor del principio de favorabilidad puede surgir en el contexto de la derogación de una legislación. Sobre este particular, el foro supremo en *Pueblo v. Álvarez Torres*, 127 DPR 830, 839 (1991) advierte que si el poder legislativo no incluye una *cláusula de reserva general*, ello no impide aplicar la ley derogada:

> [S]i la Asamblea Legislativa, al derogar una ley penal, interesa impedir el procesamiento criminal bajo la misma de todo caso pendiente ante los tribunales a la fecha de la derogación, viene en la obligación de así manifestarlo expresamente; de lo contrario, la derogación de la ley no constituirá impedimento para que los procedimientos judiciales pendientes continúen adelante.

Otra consideración vinculada con el principio de favorabilidad son las leyes intermedias. El profesor Chiesa Aponte explica que "[u]na ley intermedia es aquella que solo estuvo en vigor durante un periodo posterior a la comisión de los hechos anterior a la sentencia". L.E. Chiesa Aponte, *Derecho penal sustantivo*, *supra*, pág. 61. En tales escenarios, hay una sucesión de tres estatutos penales, a saber: (1) el vigente durante la comisión de los hechos, (2) el vigente al momento de la sentencia, y (3) el vigente entre esos dos momentos (ley intermedia). Íd.

Según el criterio del profesor Chiesa Aponte, "las leyes intermedias más favorables deben aplicar[se] retroactivamente". Íd., pág. 62. No obstante, en *González Fuentes v. E.L.A.*, *supra*, pág. 419, esc. 9., el Tribunal Supremo de Puerto Rico identifica el contexto en el cual opera una ley intermedia. Sin embargo, puntualiza que este tipo de legislación queda fuera del principio de favorabilidad:

> Debemos señalar, además, que el Reglamento Núm. 5065 de la Administración de Corrección de 4 de mayo de 1994, que le concedía a los convictos la posibilidad de cualificar para el privilegio de libertad bajo supervisión electrónica, constituye una "ley intermedia" a los fines del principio de favorabilidad. Ello se debe a que dicha regulación no estaba vigente ni al momento de cometerse los hechos, ni al momento de sentenciar a los convictos, ni al momento cuando se les concedió erróneamente la libertad bajo el referido programa. Las leyes intermedias quedan fuera del principio de favorabilidad.

**D.    Enmiendas contempladas en la Ley Núm. 85-2022**

Nuestro ordenamiento jurídico promulga el derecho a la rehabilitación. Artículo IV, Sección 19, Const. PR, LPRA Tomo I. En armonía con lo anterior, el Poder Legislativo de Puerto Rico adoptó la Ley Núm. 85 de 11 de octubre de 2022 (Ley Núm. 85-2022).[15] Nuestra Asamblea Legislativa diseñó este cuerpo legal para garantizar el siguiente propósito:

> Con la presente medida se busca establecer una manera justa, retributiva y rehabilitadora, que le permita a aquella persona convicta por varios delitos el poder ser considerada para libertad bajo palabra al cumplir con los términos de la sentencia más onerosa relacionada directamente con alguno de los delitos por los cuales fue encontrado culpable. Exposición de Motivos de la Ley Núm. 85, *supra*.

En lo atinente, la Sección 1 de la Ley Núm. 85-2022 enmienda el Artículo 308 de la Ley 146-2012, 33 LPRA sec. 5416, conocida como el Código Penal de Puerto Rico (2012) para que lea como sigue:

> Artículo 308. Términos para cualificar para consideración de la Junta de Libertad bajo Palabra.
>
> Toda persona convicta bajo las disposiciones de este Código podrá ser considerada para libertad bajo palabra por la Junta de Libertad Bajo Palabra al cumplir el setenta y cinco por ciento (75%) del término de reclusión impuesto. Este cómputo nunca excederá de quince (15) años cuando se trate de un adulto o de cinco (5) años cuando se trate de un menor sentenciado y procesado como adulto en delitos para los cuales al realizarse el cómputo jurisdiccional para cualificar ante la consideración de la Junta de Libertad Bajo

---

[15] La versión de Leyes de Puerto Rico Anotadas de esta pieza legislativa corresponde a las codificaciones de la serie de leyes matrices enmendadas por la ley en cuestión.

Palabra este sea mayor a lo requerido para delitos con pena fija señalada en el tipo de cincuenta (50) años.

En delitos graves cuyo término de reclusión señalada en el tipo sea de cincuenta (50) años, la persona podrá ser considerada para libertad bajo palabra por la Junta de Libertad Bajo Palabra al cumplir quince (15) años de su sentencia o cinco (5) años si se trata de un menor de edad procesado y sentenciado como adulto.

En caso de la persona convicta de asesinato en primer grado, un delito cuya pena sea de noventa y nueve (99) años o reincidencia habitual la persona podrá ser considerada para libertad bajo palabra por la Junta de Libertad Bajo Palabra, al cumplir veinticinco (25) años de su sentencia, o diez (10) años, si se trata de un menor de edad procesado y sentenciado como adulto. Las personas convictas al amparo del inciso (c) del Artículo 93 estarán excluidas del privilegio de libertad bajo palabra.

En aquellos procesos judiciales en que se encuentre al acusado culpable por más de un delito y se le imponga una sentencia a ser cumplida de manera consecutiva, la persona convicta tendrá derecho a cualificar para libertad bajo palabra al cumplir con el término concerniente a la pena mayor recibida por alguno de los delitos cometidos. Cuando más de uno de los delitos cometidos conlleve la misma pena, la persona convicta cualificará para el beneficio de libertad bajo palabra con el mero hecho de haber cumplido con el término de una de ellas. Lo dispuesto en este párrafo será de aplicabilidad, independientemente si la Ley en virtud de la cual resulta convicto, sea una Ley Penal Especial.

Asimismo, la Sección 2 de la precitada legislación enmienda la Ley Núm. 118 de 22 de julio de 1974, 4 LPRA 1503, conocida como la Ley de la Junta de Libertad Bajo Palabra, de la siguiente manera:

Artículo 3. – Autoridades, deberes y poderes de la Junta

La Junta de Libertad Bajo Palabra tendrá la siguiente autoridad, poderes y deberes:

. . . . . . . .

(6) En aquellos procesos judiciales en que se encuentre al acusado culpable por más de un delito y se le imponga una sentencia a ser cumplida de manera consecutiva, la persona convicta tendrá derecho a cualificar para libertad bajo palabra al cumplir con el término concerniente a la pena mayor recibida por alguno de los delitos cometidos. Cuando más de uno de los delitos cometidos conlleve la misma pena, la persona convicta cualificará para el beneficio de libertad bajo palabra con el mero hecho de haber cumplido con el término de una de ellas. Lo dispuesto en este párrafo será de aplicabilidad, independientemente si la Ley en virtud de la cual resulta convicto, sea una Ley Penal Especial."

Podrá así mismo decretar la libertad bajo palabra de cualquier persona recluida en cualquiera de las instituciones penales de Puerto Rico que haya sido convicta conforme a las disposiciones de la Ley 146-2012, conocida como "Código Penal de Puerto Rico de 2012" al cumplir el setenta y cinco por ciento (75%) del término de reclusión impuesto. Este cómputo nunca excederá de quince (15) años cuando se trate de un adulto o de cinco (5) años cuando se trate de un menor sentenciado y procesado como adulto en delitos para los cuales al realizarse el cómputo jurisdiccional para cualificar ante la consideración de la Junta de Libertad Bajo Palabra este sea mayor a lo requerido para delitos con pena fija señalada en el tipo de cincuenta (50) años.

En caso de la persona convicta de asesinato en primer grado bajo la Ley 146-2012, esta podrá ser considerada para libertad bajo palabra por la Junta de Libertad Bajo Palabra al cumplir veinticinco (25) años de su sentencia, o diez (10) años, si se trata de un menor de edad procesado y sentenciado como adulto.

La Junta podrá considerar para la libertad bajo palabra a aquellas personas que hayan utilizado o intentado utilizar un arma de fuego ilegal en la comisión de un delito grave o su tentativa, según definido en la Ley 146-2012, según enmendada. La Junta podrá conceder el beneficio cuando se ha determinado reincidencia habitual por delitos no violentos al cumplir veinticinco (25) años de su sentencia de reclusión, pero no podrá conceder el beneficio cuando la persona haya resultado convicta por delitos de agresión sexual o pornografía infantil en cualquiera de sus modalidades, según definidos en la Ley 146-2012, según enmendada. Antes de conceder el beneficio, la Junta considerará todas las disposiciones contenidas en el Artículo 3-B de esta Ley y lo que contemplan en la Ley 22-1988, mejor conocida como la Ley de la "Carta de Derechos de Víctimas y Testigos de Delito", según enmendada, para garantizarle a las víctimas todos los derechos.

Finalmente, la Sección 3 de la Núm. 85-2022, *supra*, dispone el alcance retroactivo de esta ley:

Esta Ley aplicará de manera retroactiva, independientemente del Código Penal o Ley Penal Especial vigente al momento de los hechos delictivos, siempre y cuando resulte favorable para la persona condenada. Las cláusulas de prohibiciones absolutas de libertad bajo palabra en los delitos de leyes penales especiales no serán aplicables al caso de menores juzgados y sentenciados como adultos cuando contravengan lo aquí establecido.

Nótese que esta legislación guarda silencio en torno a su efecto retroactivo en atención a aquellos casos en los que una persona cumple sentencia por agresión sexual, violación, actos lascivos, sodomía, secuestro, secuestro agravado, entre otros. Ante tal realidad, nuestra legislatura en el año 2024 enmendó la presente ley mediante la aprobación de la Ley Núm. 85-2024 que discutiremos en el próximo apartado.

**E.      Enmiendas contempladas en la Ley Núm. 85-2024**

La Constitución de Puerto Rico declara que la dignidad del ser humano es inviolable, y a su vez, establece que los seres humanos son iguales ante la ley. Art. II, Sec. 1 Const. PR, LPRA, Tomo 1. En virtud de tales principios, la Asamblea Legislativa de Puerto Rico adoptó la Ley Núm. 85 del 28 de mayo de 2024 (Ley Núm. 85-2024).[16] Esta legislación procura salvaguardar el derecho de las víctimas de aquellos delitos de agresión sexual en todas sus modalidades, entiéndase, agresión sexual conyugal,

---

[16] La versión de Leyes de Puerto Rico Anotadas de esta pieza legislativa corresponde a las codificaciones de la serie de leyes matrices enmendadas por la ley en cuestión.

violación, actos lascivos, sodomía, incesto, secuestro, secuestro agravado y pornografía infantil, incluyendo sus tentativas.

De acuerdo con la legislatura, es un imperativo "atemperar esta Ley a los tiempos que vivimos, donde los casos de esta índole cada día son más notorios y a su vez, atroces". Exposición de Motivo de la Ley Núm. 85-2024, *supra*. A los fines de alcanzar este propósito, la Ley Núm. 85-2024, *supra*, contempla tres (3) importantes enmiendas que discutiremos continuación.

En lo pertinente, la Sección 1 de esta legislación enmienda el Artículo 308 de la Ley 146-2012, 33 LPRA sec. 5416, conocida como Código Penal de Puerto Rico (2012) para que lea de la siguiente manera:

> Artículo 308-. Términos para cualificar para consideración de la Junta de Libertad bajo Palabra.
>
>             .     .     .     .     .     .     .     .
>
> **Las personas convictas por los delitos de agresión sexual en todas sus modalidades, agresión sexual conyugal, actos lascivos, violación, sodomía, incesto, secuestro, secuestro agravado y pornografía infantil, incluyendo sus tentativas, no podrán beneficiarse del privilegio de libertad bajo palabra, indistintamente de la fecha de la comisión del acto delictivo ni el código penal o la ley especial utilizada para dictar sentencia, incluyendo los Códigos Penales de 1974, 2004 y 2012. La Ley Núm. 118 de 22 de julio de 1974, según enmendada, o el estatuto que sea aprobado en lo sucesivo, dispondrá los restantes delitos que no cualificarán para este privilegio**. (Énfasis nuestro).

A su vez, la Sección 2 de la precitada legislación enmienda el Artículo 3 de la Ley Núm. 118 de 22 de julio de 1974, 4 LPRA sec. 1503, conocida como la Ley de la Junta de Libertad Bajo Palabra, de la siguiente manera:

> Artículo 3.-Autoridad, Poderes y Deberes de la Junta.
>
> La Junta de Libertad Bajo Palabra tendrá la siguiente autoridad, poderes y deberes:
>
> (a)     Podrá decretar la libertad bajo palabra de cualquier persona recluida en cualquiera de las instituciones penales de Puerto Rico que hubiere sido o fuere convicta por delitos cometidos con anterioridad a la fecha de vigencia de la ley que establece el Sistema de Sentencia Determinada en Puerto Rico, o que hubiere sido o fuere convicta por delitos bajo la ley que establece el Sistema de Sentencia Determinada en Puerto Rico, cuando haya satisfecho la multa dispuesta en el Artículo 49-C de la Ley Núm. 115 de 22 de julio de 1974, según enmendada, y haya cumplido la mitad de la sentencia fija que le ha sido impuesta, excepto cuando la persona haya sido convicta bajo dicho sistema de sentencia

determinada por asesinato en primer grado, en cuyo caso el convicto no será elegible para el beneficio de libertad bajo palabra. De igual forma, en los casos de asesinato en primer grado cometidos bajo la modalidad comprendida en el inciso (b) del Artículo 83 de la derogada Ley Núm. 115 de 22 de julio de 1974, según enmendada, la Junta no podrá decretar la libertad bajo palabra.

Podrá así mismo decretar la libertad bajo palabra de cualquier persona recluida en cualquiera de las instituciones penales de Puerto Rico que ha sido convicta conforme a la clasificación de gravedad del delito y a las condiciones para su concesión que establecía la derogada Ley 149-2004, según enmendada, conocida como "Código Penal de Puerto Rico de 2004":

.        .        .        .        .        .        .        .

**De igual forma, las personas convictas por los delitos de agresión sexual en todas sus modalidades, incluyendo la tentativa, violación, actos lascivos, sodomía, incesto, secuestro, secuestro agravado y pornografía infantil no podrán beneficiarse del privilegio de libertad bajo palabra, indistintamente de la fecha de la comisión del acto delictivo ni el código penal o la ley especial utilizada para dictar sentencia, incluyendo los Códigos Penales de 1974, 2004 y 2012**.

Por último, la recién aprobada ley instaura una cláusula de exclusión de la jurisdicción de la Junta de Libertad Bajo Palabra. A su vez, mediante este estatuto se enmienda la Ley Núm. 85-2022 para aclarar que no aplicará retroactivamente a las personas convictas por estas actuaciones delictivas. A continuación, se cita la referida Sección 3 contenida en la Ley Núm. 85-2024, *supra*:

**Sección 3.-Cláusula de Exclusión de Jurisdicción de la Junta de Libertad Bajo Palabra.**

**La Junta no tendrá jurisdicción para atender los casos de las personas convictas por los delitos de agresión sexual en todas sus modalidades, agresión sexual conyugal, violación, actos lascivos, sodomía, incesto, secuestro, secuestro agravado y pornografía infantil, incluyendo sus tentativas, no podrán beneficiarse del privilegio de libertad bajo palabra, indistintamente de la fecha de la comisión del acto delictivo ni el código penal o la ley especial utilizada para dictar sentencia, incluyendo los Códigos Penales de 1974, 2004 y 2012.**

**La Ley 85-2022 no aplicará retroactivamente a las personas convictas por estas actuaciones delictivas, conforme a la clara intención de la Decimonovena Asamblea Legislativa de no extender este privilegio a los ofensores de la ley descritos en el párrafo anterior.**

**La Ley 85-2022 no surtirá efecto en el cálculo de la sentencia de las personas convictas por los delitos de agresión sexual en todas sus modalidades, agresión sexual conyugal, violación, actos lascivos, sodomía, incesto, secuestro, secuestro agravado y pornografía infantil, indistintamente de la fecha de la comisión del acto delictivo ni el código penal o la ley especial utilizada para dictar sentencia, incluyendo los Códigos Penales de 1974, 2004 y 2012.**

> Los participantes que ya estén disfrutando del privilegio de libertad bajo palabra por la comisión de los delitos dispuestos en esta Ley y que sean revocados con posterioridad a su aprobación, no se les concederá nuevamente este privilegio.
>
> **Las personas que al momento de la aprobación de esta Ley estén referidas bajo la consideración de la Junta de Libertad Bajo Palabra sin que haya una determinación final, no cualificarán para este privilegio, indistintamente de la etapa procesal en que se encuentre la referida solicitud.** (Énfasis nuestro).

**F.      Estándar de revisión judicial en contexto de las agencias**

En nuestro ordenamiento jurídico, una parte inconforme con una determinación u orden administrativa final tiene el derecho a recurrir en revisión judicial ante el Tribunal de Apelaciones de Puerto Rico. Véase Artículo 4.006(c) de la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico, Ley 201-2003, 4 LPRA sec. 24y, según enmendada; Sección 4.2 de la Ley de Procedimiento Administrativo Uniforme, Ley Núm. 38-2017, 3 LPRA sec. 9672, según enmendada. Así pues, el derecho a cuestionar la determinación administrativa es parte del debido proceso de ley protegido por la Constitución de Puerto Rico. *Autoridad de Carreteras y Transportación v. Programa*, 210 DPR 897, 908 (2022); *Assoc. Condomines v. Meadows Dev.*, 190 DPR 843, 847 (2014).

Como norma general, en el trámite revisorio, los foros apelativos estamos llamados a conceder amplia deferencia a las decisiones agenciales. *Otero Rivera v. Bella Retail Group, Inc.*, 2024 TSPR 70, 213 DPR ___ (2024); *Oficina del Comisionado de Seguros de Puerto Rico v. Point Guard Insurance Company, Inc.*, 205 DPR 1005, 1026 (2020). Por lo que, solo es posible sustituir "el criterio de la agencia por el del tribunal revisor cuando no exista una base racional para explicar la decisión administrativa". *Capote Rivera v. Voili Voila Corporation,* 2024 TSPR 29, 213 DPR ___ (2024)*; Capó Cruz v. Jta. de Planificación et al*, *supra*, 204 DPR 581, 591 (2020).

Ahora bien, no podemos imprimir un sello de corrección a las determinaciones o las interpretaciones administrativas irrazonables, ilegales o contrarias a derecho. *Super Asphalt Pavement, Corp. v. Autoridad para el Financiamiento de la Infraestructura de Puerto Rico*, 206

DPR 803, 819 (2021). Por tanto, nuestra deferencia cede cuando: (1) la decisión no está basada en evidencia sustancial; (2) el organismo administrativo ha errado en la aplicación o interpretación de las leyes o reglamentos; (3) ha mediado una actuación arbitraria, irrazonable o ilegal, o (4) la actuación administrativa lesiona derechos constitucionales fundamentales. *Capote Rivera v. Voili Voila Corporation*, *supra*; *Super Asphalt Pavement, Corp. v. AFI y otro*, *supra*, pág. 819.

No obstante, nos corresponde puntualizar que, los tribunales revisores no intervendremos en las determinaciones de hechos siempre y cuando surja del expediente administrativo evidencia sustancial que las respalde. *The Sembler Co. v. Mun. De Carolina,* 185 DPR 800, 821-822 (2012). La evidencia sustancial es aquella prueba relevante que una mente razonable podría aceptar como adecuada para sostener una conclusión. *Capó Cruz v. Jta. de Planificación et al., supra*, pág. 591; *Rebollo v. Yiyi Motors,* 161 DPR 69, 77 (2004). En cambio, a tenor con la Sección 4.5 de la LPAU, *supra*, tenemos autoridad para revisar las conclusiones de derecho en todos sus aspectos. 3 LPRA sec. 9675. Es decir, ostentamos la facultad para revisarlas completa y absolutamente. *IFCO Recycling v. Aut. Desp. Sólidos,* 184 DPR 712, 745 (2012); *Assoc. Ins. Agencies, Inc. v. Com. Seg*. P.R., 144 DPR 425, 436 (1997). Sin embargo, esto no implica "la sustitución automática del criterio e interpretación del organismo administrativo". *Capó Cruz v. Junta de Planificación, supra,* pág. 591; *Rolón Martínez v. Caldero López*, 201 DPR 26, 36 (2018).

En consonancia con lo anterior, es menester destacar que los dictámenes de las autoridades correccionales merecen gran deferencia. *Cruz Negrón v. Administración de Corrección*, 164 DPR 341, 357 (2005). Al respecto, el Tribunal Supremo de Puerto Rico establece lo siguiente:

> Por lo general, la composición de estos comités la conforman peritos en el campo tales como técnicos sociopenales y oficiales o consejeros correccionales. Estos profesionales cuentan con la capacidad, la preparación, el conocimiento y la experiencia necesarios para atender las necesidades de los confinados y realizar este tipo de evaluaciones. Por esta razón, una determinación formulada por el referido Comité debe ser sostenida por el foro judicial siempre que no sea arbitraria o caprichosa y esté fundamentada en evidencia sustancial. Es decir, siempre que la

decisión sea razonable, cumpla con el procedimiento establecido en las reglas y los manuales, y no altere los términos de la sentencia impuesta, el tribunal deberá confirmarla. *Íd.*, págs. 354-355.

A la luz de su conocimiento especializado, la determinación agencial merece deferencia sustancial aun cuando no sea la única razonable. *Torres Santiago v. Depto. Justicia*, 181 DPR 969, 1003 (2011). Esta normativa contempla que las instituciones correccionales "están en mejor posición para resolver las controversias surgidas en torno a los asuntos que le fueron encomendados por ley". *Cruz Negrón v. Administración de Corrección*, *supra*, págs. 355-356.

**III.**

En el presente recurso, el señor Fernández Dobles, al amparo de su derecho a la revisión judicial, señala que incidió la Junta de Libertad Bajo Palabra al declarar que carecía de jurisdicción para considerar su caso. En específico, aduce que al momento de la comisión de los hechos imputados, muchos de los delitos cualificaban para el beneficio de libertad bajo palabra. A la luz de estas particularidades, expuso que la Ley Núm. 85-2022 le permitía solicitar el aducido beneficio. Razona, por tanto, que aplicar retrospectivamente la Ley Núm. 85-2024 contraviene con la garantía constitucional de la prohibición de leyes *ex post facto*. Por lo que, solicita la revocación del dictamen recurrido, toda vez que dicha ley aumenta desfavorablemente su término de encarcelamiento.

Ante tales argumentos, el Procurador General en representación de la Junta de Libertad bajo Palabra sostiene que la aplicación de la Ley Núm. 85-2024 no coloca al señor Fernández Dobles en una posición desfavorable. Especifica que la ley vigente al momento de la comisión del delito expresamente establecía que si utilizaba un arma de fuego en cualquier delito grave no ostentaría el derecho del privilegio de libertad bajo palabra. A su vez, argumenta que en el presente caso no aplica la doctrina de favorabilidad en la vertiente de ley intermedia, toda vez que los hechos imputados ocurrieron en el año 2001, y consecuentemente, la sentencia se dictó en el año 2004.

De manera similar, la parte perjudicada reitera que cuando el recurrente cometió los delitos no era elegible para ser considerado ante la Junta. Particularmente razona que la Ley Núm. 85-2024 no es más onerosa que la legislación vigente a la fecha en que perpetuó los actos delictivos. Arguye que al momento de cometer los hechos delictivos no ostentaba el derecho de solicitar el privilegio de libertad bajo palabra. Por tanto, solicita la aplicación retroactiva de la recién aprobada legislación.

Luego de analizar sosegadamente la totalidad del expediente ante nuestra consideración y el marco legal previamente reseñado, disponemos que actuó correctamente la Junta al declararse sin jurisdicción. Establecemos que el estado de derecho vigente excluye a las personas convictas por violación, agresión sexual, actos lascivos, secuestro y secuestro agravado del privilegio de libertad bajo palabra de acuerdo con la Sección 3 de la Ley Núm. 85-2024. Puntualizamos, a su vez, que la aplicación retroactiva de la precitada ley no coloca al recurrente en una situación onerosa a la luz de los criterios discutidos respecto a las leyes *ex post facto*. Veamos.

La génesis de este caso se remonta a hechos ocurridos el 8 de marzo de 2001. En aquel entonces la Ley Núm. 118-1974, *supra*,[17] leía de la siguiente manera:

> Artículo 2.- Autoridades, deberes y poderes de la Junta La Junta de Libertad Condicional tendrá las siguientes autoridades, deberes y poderes:
>
> (A) Decreto de libertad bajo palabra.
>
> La Junta podrá decretar la libertad bajo palabra de una persona recluida en cualquiera de las instituciones penales de Puerto Rico que hubiere sido o fuere convicta por cualquier delito, cuando haya cumplido la mitad de la sentencia fija que le ha sido impuesta, cuyos ajustes institucionales evidencien un alto grado de rehabilitación excepto cuando la persona haya sido convicta por asesinato en primer grado, en cuyo caso la Junta adquirirá jurisdicción cuando la persona haya cumplido veinticinco (25) años naturales, o cuando haya cumplido diez (10) años naturales de la sentencia impuesta si la persona convicta por dicho delito lo fue un menor juzgado como adulto.
>
> **En los casos en que se determine que la persona utilizó un arma de fuego en la comisión de un delito grave o en su tentativa, no se concederá el beneficio de libertad bajo palabra.** (Énfasis nuestro).

---

[17] Véase la versión correspondiente a ese periodo en la Ley Núm. 114-2000.

Nótese que en aquel momento el recurrente, quien incurrió en una serie de actos delictivos mediante la utilización de armas, no cualificaba para solicitar al beneficio de libertad bajo palabra, según estableció la voluntad del legislador.

Igual situación enfrenta en virtud del Artículo 4.04 de la Ley Núm. 404-2000, 25 LPRA sec. 455, conocida como la Ley de Armas (2000), según enmendada, que decretaba lo siguiente:

**Artículo 4.04.-Portación y Uso de Armas de Fuego sin licencia**

.     .     .     .     .     .     .     .

**Cuando el arma ilegal se utilice en la comisión de cualquiera de los siguientes delitos o su tentativa: asesinato en cualquier grado, secuestro agravado, violación, sodomía, mutilación, robo de vehículo de motor (*carjacking*), conducta constitutiva de violencia doméstica según tipificada en la Ley Núm. 54 de 15 de agosto de 1989, según enmendada, conducta constitutiva de acecho según tipificada en la Ley Núm. 284 de 21 de agosto de 1999, según enmendada, o conducta constitutiva de maltrato a menores según tipificada por la Ley Núm. 75 de 28 de mayo de 1980, según enmendada; la persona no tendrá derecho a sentencia suspendida ni a salir en libertad bajo palabra. Tampoco podrá disfrutar de los beneficios de cualquier otro programa de desvío o alternativa a la reclusión reconocida en esta jurisdicción.** (Énfasis nuestro**).[18]**

Nótese que tanto el derecho aplicable al momento de los actos delictivos, como el derecho vigente, excluyen al recurrente del beneficio de la libertad bajo palabra. Por consiguiente, disponemos que la aplicación retroactivamente de la Ley Núm. 85-2024, *supra*, no tiene el efecto de activar la cláusula constitucional contra leyes *ex post facto*. La referida legislación no agrava la situación del recurrente con relación a los delitos impuestos en virtud de sentencias y la forma de cumplir tales decretos.

---

[18] Adviértase que el 10 de enero de 2002, el referido artículo sufrió una enmienda. Sin embargo, el texto permaneció sin alteraciones mayores, según recogido en el Artículo 5.04 resultante de la enmienda producida por la Ley Núm. 27-2002:

Se considerará como agravante cualquier situación en la que el arma ilegal se utilice en la comisión de cualquier delito o su tentativa. Cuando el arma sea utilizada para cometer los delitos de asesinato en cualquier grado, secuestro agravado, violación, sodomía, actos lascivos, mutilación, robo, robo de vehículo de motor (carjacking), conducta constitutiva de violencia doméstica según tipificada en la Ley Núm. 54 de 15 de agosto de 1989, según enmendada, conducta constitutiva de acecho según tipificada en la Ley Núm. 284 de 21 de agosto de 1999, según enmendada, o conducta constitutiva de maltrato a menores según tipificada por la Ley Núm. 342 de 16 de diciembre de 1999, la persona no tendrá derecho a sentencia suspendida ni a salir en libertad bajo palabra. Tampoco podrá disfrutar de los beneficios de cualquier otro programa de desvío o alternativa a la reclusión reconocida en esta jurisdicción.

Sobre este particular, conviene repasar ciertos hechos vinculados con la legislación discutida en el presente recurso. El 11 de octubre de 2022, el Poder Legislativo de Puerto Rico adoptó la Ley Núm. 85-2022, *supra*. Esta pieza legislativa modifica los términos para que los confinados puedan ser considerados ante la Junta de Libertad Bajo Palabra. A tales efectos, la Sección 3 de la Ley Núm. 85-2022, *supra*, dispone que esta legislación "aplicará de manera retroactiva, independientemente del Código Penal o Ley Penal Especial vigente al momento de los hechos delictivos, siempre y cuando resulte favorable para la persona condenada". No obstante, esta cláusula generó una laguna jurídica respecto a aquellos casos previamente excluidos de la jurisdicción de la Junta de Libertad Bajo Palabra. Ante esta incertidumbre y a los fines de salvaguardar la seguridad de las víctimas, el 28 de mayo de 2024, la Asamblea Legislativa de Puerto Rico adoptó las enmiendas contempladas en la Ley Núm. 85-2024, *supra*.

Luego de evaluar cuidadosamente la Sección 3 de la precitada legislación, concluimos que su aplicación retroactiva excluye al recurrente para ser considerado ante la referida entidad correccional:

> **La Junta no tendrá jurisdicción para atender los casos de las personas convictas por los delitos de agresión sexual en todas sus modalidades, agresión sexual conyugal, violación, actos lascivos, sodomía, incesto, secuestro, secuestro agravado y pornografía infantil, incluyendo sus tentativas, no podrán beneficiarse del privilegio de libertad bajo palabra, indistintamente de la fecha de la comisión del acto delictivo ni el código penal o la ley especial utilizada para dictar sentencia, incluyendo los Códigos Penales de 1974, 2004 y 2012.** Sección 3, la Ley Núm. 85-2024, *supra*.

En vista de esa realidad, resolvemos que la aplicación retroactiva de la Ley Núm. 85-2024, *supra*, no contraviene con la cláusula constitucional sobre leyes *ex post facto*. Es decir, tal proceder no activa la protección constitucional, pues la legislación vigente no es más onerosa que aquella aplicable al momento en que se cometió el delito. Véase *Corretger v. Adm. Corrección*, *supra*, pág. 324. Por tanto, no contemplamos una actuación del Estado arbitraria o vengativa mediante la aplicación retroactiva de esta ley. Véase *González Fuentes v. E.L.A., supra*, pág. 408.

Atendido lo anterior, nos corresponde abordar brevemente el argumento sobre la aplicación de la ley intermedia. A la luz del marco legal reseñado, precisamos que no opera dicha doctrina jurídica al caso ante nuestra consideración. Reiteramos que la legislación vigente al momento de la comisión de los delitos y el estado de derecho imperante en el año 2024, excluyen expresamente al señor Fernández Dobles del beneficio del privilegio de libertad bajo palabra indistintamente la etapa en que se encuentre su solicitud ante la Junta recurrida, según establece la Ley Núm. 85-2024, *supra*. Asimismo, destacamos que no corresponde aplicar retroactivamente, a base del principio de favorabilidad, la Ley Núm. 85-2022, *supra*, toda vez que la legislatura incorporó una cláusula de reserva mediante la aprobación de la Sección 3 Ley Núm. 85-2024, *supra*:

> **La Ley 85-2022 no aplicará retroactivamente a las personas convictas por estas actuaciones delictivas, conforme a la clara intención de la Decimonovena Asamblea Legislativa de no extender este privilegio a los ofensores de la ley descritos en el párrafo anterior.**

> **La Ley 85-2022 no surtirá efecto en el cálculo de la sentencia de las personas convictas por los delitos de agresión sexual en todas sus modalidades, agresión sexual conyugal, violación, actos lascivos, sodomía, incesto, secuestro, secuestro agravado y pornografía infantil, indistintamente de la fecha de la comisión del acto delictivo ni el código penal o la ley especial utilizada para dictar sentencia, incluyendo los Códigos Penales de 1974, 2004 y 2012.**

Así establecido, resolvemos que la Junta de Libertad bajo Palabra actuó conforme a derecho al declararse sin jurisdicción para considerar el caso del señor Fernández Doble. Por tanto, confirmamos el dictamen administrativo en ausencia de actuación arbitraria, irrazonable o ilegal por parte de la agencia recurrida.

**IV.**

Por los fundamentos que anteceden, confirmamos la *Resolución* recurrida.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones